## UNITED STATES v. WONG DEP KEN.

### (District Court, S. D. California.   June 30, 1893.)

### No. 437.

CHINESE—APPEAL FROM COMMISSIONER'S DECISION.
     The right of appeal to a district court, given by Act Sept. 13, 1888, § 13, (25 Stat. 476,) to a Chinese person adjudged by a United States commissioner to be unlawfully in the United States, is not taken away by the "Geary Act" of May 5, 1892, § 3, (27 Stat. 25.)

Appeal from a Commissioner's Decision.   On motion to dismiss. Denied.

A. B. Hotchkiss, Francis J. Thomas, and Thomas D. Riordan, for appellant.

George J. Denis, U. S. Atty.

ROSS, District Judge.   This is a motion on behalf of the United States to dismiss an appeal taken by the defendant, a Chinese person, from an order made by a court commissioner for the district directing that he be imprisoned at hard labor in the state prison at San Quentin, and thereafter deported to China.

The proceedings before the commissioner were commenced by the filing with him of a verified complaint charging that after the passage of the act of congress entitled "An act to amend an act entitled 'An act to execute certain treaty stipulations relating to Chinese,'" approved May 6, 1882, (22 Stat. 58,) "one Ming Lee Tue did come into the United States from a foreign place, and, having come, has remained within the United States; that the said Ming Lee Tue has been found, and now is, unlawfully within the United States; and that at all the times herein mentioned the said Ming Lee Tue was and is a Chinese laborer."

Upon this complaint a warrant was issued by the commissioner, and the defendant, whose true name was found to be Wong Dep Ken, having been apprehended, an examination of the charge was had before the commissioner, who, from the evidence adduced, found him to be a Chinese person and a laborer by occupation, and who found and adjudged him to be unlawfully within the United States, and therefore ordered:

"First. That said Wong Dep Ken be imprisoned at hard labor for the period of two (2) days at the state's prison of the state of California, at San Quentin, in said state of California;

"Second. That thereafter said Wong Dep Ken be removed from the United States to China; and I order that said deportation of the said Wong Dep Ken be made from the port of San Francisco, within the limits of the northern district of California; and I further order that said Wong Dep Ken be, and he is hereby, committed to the United States marshal for the southern district of California for the purposes aforesaid."

· The appeal is from this order, and is taken by virtue of the thirteenth section of the act of congress entitled "An act to prohibit the coming of Chinese laborers to the United States," approved September 13, 1888, (25 Stat. 476.)

In U. S. v. Gee Lee, 50 Fed. Rep. 271, 1 C. C. A. 516, it was decided by the circuit court of appeals for this circuit that such portions of the aforesaid act of September 13, 1888, as depended upon ·the ratification of a treaty then pending between the United States and the emperor of China, but which failed of ratification, never went into force, but that section 13 of the act was not so dependent, and did become a·law. The same conclusion was reached in cases reported in 47 Fed. Rep. 433, (In re Mah Wong Gee,) and 878, (U. S. v. Chong Sam,) and in 55 Fed. Rep. 59, (U. S. v. Long Hop.) The portion of that section which is applicable to the present case reads as follows:

· "That any Chinese person, or person of Chinese descent, found unlawfully in the United States or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district."

The circuit court of appeals, in U. S. v. Gee Lee, supra, further held that the phrase "district judge of the district," in section 13 of the act of September 13, 1888, is equivalent to the words "the district court for the district." It is not denied by the counsel for the government that section 13 of the act of September 13, 1888, became·a law, or that the defendant's right of .appeal exists, if it has not been taken away by subsequent inconsistent·legislation. It is contended, however, that that result has been wrought by the third section of the act of congress entitled "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892, known as the "Geary Act," Stat. 1891-92, p. 25. So far from this latter act repealing any of the provisions of any of the former acts on the subject, it starts out by enacting:

"That all laws now in force prohibiting and regulating the coming into this country of Chinese persons and persons of Chinese descent are hereby continued in force for a period of ten years from the passage of this act."

Its second section declares the country to which such person or persons, in the event of deportation, shall be sent.

The third section, which it is contended by the government's attorney repeals that portion of section 13 of the act of September 13, 1888, giving the right of appeal from the order of the commissioner,. merely prescribes a rule of evidence. Its language is:

· "That any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended shall be adjudged to be unlawfully within the United States, unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner his lawful right to remain in the United States."

This is but placing the burden of proof of his lawful right to remain in the United States on the Chinese person or person of Chinese descent so arrested. Even if that rule be a violation of any constitutional provision or principle, it would go only to the validity of the judgment appealed from, which is not now for consideration. It could not operate to cut off or take away the right of appeal conferred by an existing provision of law.

The fourth section of the act of May 5, 1892, prescribes the punishment to be inflicted upon those convicted and adjudged to be unlawfully within the United States. It reads:

"That any such Chinese person or person of Chinese descent convicted and adjudged to be not lawfully entitled to be or remain in the United States shall be imprisoned at hard labor for a period of not exceeding one year, and thereafter removed from the United States, as hereinbefore provided."

It was by virtue of this provision of the statute that the commissioner adjudged the defendant to be imprisoned at hard labor in the state prison at San Quentin for two days, and to be thereafter deported to China. To what extent this section of the Geary act may be a violation of articles 5 and 6 of the amendments to the constitution of the United States will be for consideration on the hearing of the appeal, when the question in respect to the validity of the judgment will arise. Its consideration on this motion would be out of place.

The remaining sections of the act of May 5, 1892, have no application to the present case. From this brief statement of its provisions it is apparent that there is nothing in it repealing by implication the provision found in section 13 of the act of September 13, 1888, giving to the defendant the right of appeal from the judgment of conviction of the commissioner. On the contrary, the Geary act, in its first section, in express terms declares:

"That all laws now in force prohibiting and regulating the coming into this country of Chinese persons and persons of Chinese descent are hereby continued in force for a period of ten years from the date of this act."

Among the laws in force at the time of the passage of the Geary act, as has been seen, was that provision of the act of September 13, 1888, declaring:

"That any Chinese person or person of Chinese descent, found unlawfully in the United States or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court; and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district."

That provision of law is the only provision that I have found in any of the acts of congress in relation to the exclusion of Chinese persons and persons of Chinese descent, providing for the filing of a verified complaint on behalf of the United States charging a Chinese person or person of Chinese descent with being unlawfully

within the United States or its territories, and for the arrest of such person upon a warrant issued upon such complaint by any justice, judge, or commissioner of any United States court. That it is still in force, I consider clear, for the reasons already stated, together with the accompanying provision concerning the hearing on the charge, and the accompanying right of appeal in the event of a conviction before the commissioner.

The motion to dismiss the appeal is accordingly denied.