In re TSU TSE MEE.

(District Court, N. D. California. May 10, 1897.)

No. 11,338.

1. UNITED STATES COMMISSIONERS—JURISDICTION UNDER CHINESE EXCLUSION ACT.

A commissioner has jurisdiction to make an order of deportation under section 6 of the Chinese exclusion act of May 5, 1892, and also to order the deportation of Chinese persons who are adjudged, under section 12 of the act of July 5, 1884, to have unlawfully entered the United States. In re Wong Fock, 81 Fed. 558, followed.

2. SAME—SUFFICIENCY OF FINDINGS.

It is enough if the order of deportation shows that the person to be deported has been adjudged to be unlawfully within the United States, without a finding stating where he came from, as the specification of the country to which he is to be deported concludes any inquiry on that point.

3. SAME—COUNTRY TO WHICH DEPORTED—HABEAS CORPUS.

The person ordered to be deported cannot, on habeas corpus, claim that he was entitled to be deported to a country other than China, as provided by section 2 of the act; his remedy being by appeal, if dissatisfied with the commissioner's findings in that respect.

4. SAME—SUFFICIENCY OF ORDER OF DEPORTATION.

The order of deportation need not explicitly refer to the specific act of congress under which the person to be deported is adjudged to be unlawfully in the United States.

**5. SAME—RIGHT TO JURY TRIAL.**
    The order of deportation may be made without a jury trial, as it is not a punishment for crime. And the fact that a plea of "not guilty" is entered does not change the character of the proceedings.

Wm. Hoff Cook, for petitioner.
Bert Schlessinger, Asst. U. S. Dist. Atty.

MORROW, District Judge. A petition for a writ of habeas corpus was sued out on behalf of Tsu Tse Mee, it being claimed that he is unlawfully imprisoned, detained, confined, and restrained of his liberty by a deputy United States marshal of Texas, on board the steamship the City of Peking, in the city and county of San Francisco, state and Northern district of California, previous to his being deported to China for an alleged violation, as averred in the petition, of an act of congress of May 5, 1892, for having failed to procure a certificate of residence as required by said act. It is further alleged in the petition that the accusation that he was without a certificate of residence was never legally heard by a judge of the United States, and that no legal or valid order of deportation to China was ever issued by any judge of the United States district court, or of any court whatever. The matter was referred to the special referee and examiner to ascertain the facts and report his opinion thereon. His report and recommendation, filed May 4, 1897, shows that a return was made to the writ that the United States marshal held and detained Tsu Tse Mee in pursuance of an order of the United States commissioner for the Western district of Texas, at El Paso, ordering the deportation of the petitioner. This order of deportation was offered in evidence as part of the return. It was also stipulated and agreed that the petitioner in this matter is the person described in the order of deportation, and is the same person mentioned in the return made by the United States marshal, and, further, that he is here under that order of deportation, and was about to be deported by the marshal when the writ of habeas corpus issued. Counsel for the petitioner demurred to the sufficiency of the order of deportation upon the grounds: (1) That the commissioner has no jurisdiction or authority to make such order. (2) That it does not appear from the order where or how the petitioner entered the United States; and, further, that the order charges him with having unlawfully entered, and also being in, the United States, in violation of the acts of congress, but does not designate what acts, if any, have been violated. (3) It was further objected that it appears affirmatively from the order that the commissioner made the order of deportation upon a plea of not guilty, which, under the laws and constitution of the United States, he had no right to do, because, if the party was charged upon a complaint, and called upon to plead, he was entitled to a trial by jury.

The special referee recommends that the demurrer be overruled, that judgment be entered dismissing the writ, and that the petitioner be remanded to the custody of the United States marshal of this district, to be by him deported to China in pursuance of said order of deportation. To this report and recommendation exceptions were

taken. The first ground of demurrer urged before the special referee may be dismissed with the observation that the commissioner has the jurisdiction and power to make an order of deportation where he finds that a Chinese person is unlawfully in the United States. I considered this question in Re Wong Fock, 81 Fed. 558, on habeas corpus, with reference to an order of deportation made by a commissioner for a violation of section 6 of the act of May 5, 1892, in an opinion handed down to-day. He also has the power of making an order of deportation of Chinese persons who are adjudged, under section 12 of the act of July 5, 1884, to have unlawfully entered the United States.

The second ground of demurrer urged is directed to the sufficiency of the findings of the commissioner as set out in the order of deportation. Findings should be mere statements of the ultimate facts in controversy, and the legal consequences from the facts admitted and proven. Mathews v. Kinsell, 41 Cal. 514; Smith v. Mohn, 87 Cal. 489, 25 Pac. 696. In my opinion the findings set out in the order of deportation are sufficient. It is enough if the order of deportation shows that the Chinese person has been adjudged to be unlawfully within the United States. It is immaterial how he unlawfully entered the United States. A finding, stating where the Chinese person came from, while it may be proper and save any possible question, still is not necessary, for that part of the order of deportation which specifies the country to which he is to be deported concludes any inquiry on that point. Section 2 of the act of May 5, 1892, provides:

"That any Chinese person or person of Chinese descent, when convicted and adjudged under any of said laws to be not lawfully entitled to be or remain in the United States, shall be removed from the United States to China, unless he or they shall make it appear to the justice, judge, or commissioner, before he or they are tried, that he or they are subjects or citizens of some other country, in which case he or they shall be removed from the United States to such country: provided, that in any case where such other country of which such Chinese person shall claim to be a citizen or subject shall demand any tax as a condition of the removal of the such person to that country, he or she shall be removed to China."

As the presumption is in favor of the regularity of the proceedings before the commissioner making the order of deportation, and that the law was complied with, the order that he be deported to China is sufficient for all purposes. Particularly so in the absence of any satisfactory showing that he should be removed to some country other than China. The Chinese person ordered to be deported in this matter had an opportunity to make this showing before the commissioner who adjudged him to be unlawfully within the United States. If dissatisfied with the findings of the commissioner in this respect, he certainly had the right to appeal to the district court for that district. U. S. v. Wong Dep Ken, 57 Fed. 203. He cannot do so now by means of a writ of habeas corpus. It is well settled that the writ of habeas corpus cannot be used as a writ of error or appeal. Ex parte Crouch, 112 U. S. 178, 5 Sup. Ct. 96; Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050.

The fact that the specific act of congress under which the peti-

tioner was adjudged to be unlawfully in the United States is not explicitly referred to in the order of deportation is also unimportant. The broad statement is made in the order of deportation that the petitioner on the 16th day of February, 1897, unlawfully entered and was in the United States in violation of the acts of congress of the United States in such case made and provided, to wit, the Chinese exclusion acts. From a finding recited in the order of deportation, viz., "That the defendant * * * is guilty of having unlawfully entered the United States on the 16th day of February, A. D. 1897, as charged in bill of complaint," it is plain that he was adjudged unlawfully in the United States, and the order of deportation was made under and by virtue of section 12 of the act of July 5, 1884 (23 Stat. 115). In the petition to this court for a writ of habeas corpus it is alleged that Tsu Tse Mee was adjudged to be unlawfully in the United States because of his failure to obtain the certificate of residence required by section 6 of the act of May 5, 1892; but the special referee, in his opinion and findings, states that "the question of having a certificate of residence * * * does not arise in this case."

The last ground urged is that the petitioner was entitled to a jury trial before the commissioner who ordered his deportation, for the reason that he entered a plea of not guilty to the charge of being unlawfully within the United States. The order of deportation does not inflict any punishment in the way of imprisonment, as provided by section 4 of the act of May 5, 1892, but simply directs the deportation of the petitioner. The supreme court, in the case of Wong Wing v. U. S., 16 Sup. Ct. 977, decided that the act of May 5, 1892, § 4, providing that a Chinese person adjudged to be not lawfully entitled to remain in the United States shall be imprisoned at hard labor for a period not exceeding one year, and thereafter removed from the United States, in effect provides for such imprisonment upon the adjudication of a justice, judge, or commissioner upon a summary hearing, and conflicts with the constitution of the United States (amendments 5 and 6), declaring that no person shall be held to answer for a capital or otherwise infamous crime unless upon presentment or indictment of a grand jury, and that the accused shall enjoy the right to a speedy and public trial by an impartial jury. See, also, U. S. v. Wong Dep Ken, supra. But in the present matter, while the petitioner was adjudged to be unlawfully in the country, the penalty of imprisonment was not visited upon him; he was simply ordered to be deported. This, so far as appears from the order of deportation, was the whole purpose, scope, and effect of the proceedings before the commissioner. In other words, he was not held to answer for an infamous offense, nor was he tried for the commission of any offense against the laws of the United States. As was said in Fong Yue Ting v. U. S., 149 U. S. 698, 730, 13 Sup. Ct. 1016, 1029:

"The order of deportation is not a punishment for crime. It is not a banishment, in the sense in which that word is often applied to the expulsion of a citizen from his country by way of punishment. It is but a method of enforcing the return to his own country of an alien who has not complied with the con-

ditions upon the performance of which the government of the nation, acting within its constitutional authority, and through the proper departments, has determined that his continuing to reside here shall depend. He has not, therefore, been deprived of life, liberty, or property without due process of law; and the provisions of the constitution securing the right of trial by jury, and prohibiting unreasonable searches and seizures and cruel and unusual punishments, have no application."

The inquiry before the commissioner was confined to the simple fact as to whether or not the petitioner, Tsu Tse Mee, was lawfully within the United States. That, for the purpose of ascertaining and adjudging upon his status in this respect, he was not entitled to a jury trial, is well established. Nishimura Ekiu v. U. S., 142 U. S. 657, 12 Sup. Ct. 336; Fong Yue Ting v. U. S., supra; in re Chow Goo Pooi, 25 Fed. 77; U. S. v. Wong Sing, 51 Fed. 79; U. S. v. Hing Quong Chow, 53 Fed. 234. The power to pass upon the right of aliens to enter or remain in this country may, constitutionally, even be vested in executive officers. See cases cited above, particularly Nishimura Ekiu v. U. S., 142 U. S. 657, 660, 12 Sup. Ct. 336. The mere fact that he entered a plea of not guilty is immaterial. It did not alter the real character of the proceedings before the commissioner, nor did it invest the petitioner with the privilege of a jury trial. At best, it can be considered but a mere irregularity, and simply tended to raise the issue to be heard and determined by the commissioner. The proceedings before him were, it is true, a trial; but they were not, and the law did not intend that they should be, a jury trial. I have carefully read the authorities cited by counsel for the petitioner, and find nothing inconsistent with the views herein announced. For these reasons, briefly stated, therefore, the exceptions to the report and recommendation of the special referee will be overruled, the report and recommendation adopted and confirmed, in so far as it overrules the demurrer to the return to the writ. As I understand that the petitioner desires to traverse the return to the writ, I will give him five days in which to do so, and let the matter be re-referred to the special examiner for further action thereon.