In re NG LOY HOE.

(Circuit Court, N. D. California. December 12, 1892.)

No. 11,692.

1. CHINESE—DEPORTATION—INDICTMENT NOT NECESSARY.
    Under Act May 5, 1892, known as the "Geary Act," the government may, at its election, merely deport any Chinese person adjudged to be unlawfully in the United States, or imprison such person and deport him; and where the government elects to deport, only, the offense is not an infamous crime requiring procedure by indictment or presentment of a grand jury. U. S. v. Wong Sing, 51 Fed. Rep. 79, approved.

2. SAME—EXCLUSION ACTS—VALIDITY.
    The Geary act (May 5, 1892) expressly provides that all prior acts regulating Chinese immigration are continued in force. Held, that the validity

of such prior acts is not affected by the constitutionality or unconstitutionality of other provisions of the Geary act.

On Habeas Corpus.    Writ discharged.

Lyman I. Mowry, for petitioner.
W. G. Witter, U. S. Asst. Atty.

McKENNA, Circuit Judge, (orally.)    This is a petition for writ of habeas corpus on behalf of a Chinese girl by her father or supposed father.    She is imprisoned and detained by the United States marshal under an order made by L. S. B. Sawyer, United States commissioner; she having been adjudged by him a Chinese person unlawfully in the United States.    His order recites that he acted "by virtue of the authority vested in him by section 12 of the Chinese restriction act of July 5, 1884, and the acts amendatory thereof and supplementary thereto."    But petitioner insists that the offense (using the word only for convenience) is made infamous by section 4 of the act of congress approved May 5, 1892, known as the "Geary Act," and one punishment only is fixed by it, to wit, imprisonment at hard labor and deportation from the country,—not either, but both.    And it is therefore urged that an offender can only be tried after presentment or indictment by a grand jury, and that a provision for a different proceeding is unconstitutional and void, violating sections 1 and 2 of article 3, and the fifth and sixth amendments to the constitution of the United States.

To work this result, counsel for petitioner ingeniously makes the acts of May 6, 1882, and July 5, 1884, and October 1, 1888, and the Geary act, one, and their remedial and punitive provisions so dependent and interwoven that, those of the latter being unconstitutional and void, all are unconstitutional and void.    This is not justified. There is no repealing clause in the Geary act of previous acts.    As far as it can, it continues them.    It distinctly says "that all laws now in force, prohibiting and regulating the coming into this country of Chinese persons and persons of Chinese descent, are hereby continued in force for a period of ten years from the passage of this act."    Its additional provisions are urged by petitioner to be unconstitutional ones.    If so, there is an end to them.    Indeed they cannot be said to have begun, and former acts would stand unaffected and unrepealed by them; and the commissioner having acted under the authority of the act of 1884, and within it, his order is legal.

But I am not disposed to rest the case here.    Going no further than the necessities of the case require, I find no difficulty in sustaining all the acts.    Their provisions are consistent and independent.    It is a common rule of construction that the purpose of legislation can be resorted to to aid its interpretation; and it would be attributing very little care or intelligence to congress to assume that while passing the Geary bill, to execute more completely the purpose of Chinese exclusion, it had instead embarrassed, and may be defeated, it.    The effect of petitioner's construction is obvious when we consider section 6.    This section requires the registration of Chinese laborers within a certain time, and those not having a certificate after such time shall be deemed unlawfully in the United States.    If the Chinese should re-

fuse to register, and there is no way to remove them from the country except by indictment or presentment by a grand jury and a trial by a petit jury, the act will be practically inoperative, and its purpose will be defeated. A construction leading to such result will only be made by a court when no other is open to it. But there is no trouble in holding the remedies of the act severable and cumulative,—deportation in all cases and imprisonment in some, even though the procedure in the latter should be held to be by indictment or presentment by a grand jury. On this, however, no opinion is expressed. This view was taken and announced by Judge Hanford in the case of U. S. v. Wong Sing, 51 Fed. Rep. 79, (decided June 24, 1892.) The pending petition vindicates with peculiar force the right of the government to elect a remedy according to circumstances. The person in whose behalf it is presented is a child. Presumably she neither came here nor stays here voluntarily. To deport her, and those like her, may be a proper policy. To imprison her, or those like her, would confound the distinction between innocence and guilt. No such intention should be imputed to the laws. The construction which requires it must be rejected. The writ is therefore discharged.