## In re NY LOOK.

(Circuit Court, S. D. New York. May 26, 1893.)

1. CHINESE—GEARY ACT—FAILURE TO PROCURE CERTIFICATE.

The "Geary Act," of May 5, 1892, § 6, provides that a Chinaman who has not taken out the certificate of residence therein prescribed within one year from the passage of the act may be arrested, and taken before a United States judge, whose duty it shall be to order that he be deported "unless he shall clearly establish, to the satisfaction of the judge, that, by reason of" certain circumstances enumerated, "he has been unable to procure his certificate, and to the satisfaction of the court, and by at least one credible white witness, that he was a resident of the United States at the time of the passage of this act." *Held*, that a Chinaman who failed to show one of the prescribed excuses for not having procured a certificate is liable to deportation, although he does show the required residence.

2. SAME—DISPOSITION OF CULPRIT.

As the act neither makes provision for actual deportation, nor requires the Chinaman to be imprisoned an indefinite time while awaiting it, the

v.56F.no.2—6

court will in such cases order that .he be deported whenever provision is made therefor by the proper authority, and that in the mean time he be discharged from custody.

Proceedings for the deportation of Ny Look, a Chinese laborer who failed to procure the certificate of residence required by the "Geary Act," (Act Cong. May 5, 1892.) Section 6 of such act is as follows:

"Sec. 6. And it shall be the duty of all Chinese laborers within the limits of the United States at the time of the passage of this act, and who are entitled to remain in the United States, to apply to the collector of internal revenue of their respective districts, within one year after the passage of this act, for a certificate of residence; and any Chinese laborer within the limits of the United States who shall neglect, fail, or refuse to comply with the provisions of this act, or who, after one year from the passage hereof, shall be found within the jurisdiction of the United States without such certificate of residence, shall be deemed and adjudged to be unlawfully within the United States, and may be arrested by any United States customs official, collector of internal revenue or his deputies, United States marshal or his deputies, and taken before a United States judge, whose duty it shall be to order that he be deported from the United States as hereinbefore provided, unless he shall establish clearly, to the satisfaction of said judge, that by reason of accident, sickness, or other unavoidable cause, he has been unable to procure his certificate, and to the satisfaction of the court, and by at least one credible white witness, that he was a resident of the United States at the time of the passage of this act; and if, upon the hearing, it shall appear that he is so entitled to a certificate, it shall be granted, upon his paying the cost. Should it appear that said Chinaman had procured a certificate, which has been lost or destroyed, he shall be detained, and judgment suspended, a reasonable time, to enable him to procure a duplicate from the officer granting it, and in such cases the cost of said arrest and trial shall be in the discretion of the court. And any Chinese person other than a Chinese laborer, having a right to be and remain in the United States, desiring such certificate as evidence of such right, may apply for and receive the same without charge."

John W. Jacobus, United States Marshal.
Joseph H. Choate and Maxwell Evarts, for Ny Look.

LACOMBE, Circuit Judge, (orally.) The prisoner, who was on May 24, 1893, arrested by the United States marshal, being admittedly a Chinese laborer and found here without the certificate of residence required by the act of May 5, 1892, now offers to prove by a credible white witness that he was a resident of the United States at the time of the passage of the act, but does not proffer any excuse, such as is recognized by the sixth section, for his failure to procure certificate within the time limited. The statute requires the judge before whom such a person is brought to "order that he be deported from the United States" unless he proves; not only residence here before the passage of the act, but also some sufficient excuse for the nonprocuring of his certificate. In my opinion the framers of the act used the conjunctive "and," instead of the disjunctive "or," advisedly and intentionally. The use of the word "so" at the close of the sentence is persuasive to this construction. If the supreme court has held, as it is suggested, that "and" must be read "or," to make the act constitutional, such construction would give a different aspect to the case; but I am shown no such

opinion, nor is any yet filed, and I must therefore take the act as I find it.

The arrest by the marshal was within the authority conferred on that officer by the sixth section, but, the prisoner having been brought before the tribunal which is to pass upon his case, the question now arises, what is to be done with him? The sixth section says that it shall be the duty of the judge "to order his deportation from the United States as hereinbefore provided." Examination of the prior sections of the act, however, discloses no provisions for such deportation. The most that I can do, therefore, is to order his deportation whenever provision shall be made for the same by the proper authority,—presumably, by congress, though some other act, to which my attention has not been called, may contain sufficient provision for this, in which case no further legislation would be needed. I find no provision authorizing the United States judge, in such cases, to order the person found without certificate to be imprisoned for an indefinite time, while awaiting deportation, and therefore shall discharge him from immediate custody. This order will presumably be sufficient warrant for his future removal, when some proper officer appears, charged with the duty, and clothed with the authority, so to remove him.