## In re TSU TSE MEE.

(District Court, N. D. California. July 9, 1897.)

### No. 11,338.

DEPORTATION OF CHINESE—COMMISSIONER'S DECISION—HABEAS CORPUS.

A judgment of conviction and deportation of a Chinese person by a United States commissioner, who has obtained jurisdiction, is conclusive on the question of the right of such person to remain in the United States, subject to appeal to the district judge of the district, as provided by section 13 of the act of September 13, 1888. That question cannot be reviewed on habeas corpus, either on the same or additional evidence.

This was a hearing upon return to a writ of habeas corpus issued in behalf of Tsu Tse Mee, a Chinese person, under sentence of deportation from this country.

Wm. Hoff Cook, for petitioner.
Bert Schlesinger, for the United States.

DE HAVEN, District Judge. The return to the writ of habeas corpus issued herein shows that the said Tsu Tse Mee was at the date of the issuance and service of said writ restrained of his liberty, for the purpose of deportation from the United States, by virtue of a judgment of conviction and deportation made by the commissioner of the circuit court of the United States for the Western district of Texas on the 9th day of March, 1897, in a proceeding in which the said Tsu Tse Mee was charged with having on the 16th day of February, 1897, unlawfully entered, and since remained, in the United States, in violation of the acts of congress commonly known as the "Chinese Exclusion Acts."

The judgment of deportation, as shown by its recitals, is based on the following facts, found by the commissioner:

"First. That the defendant, Ching Tsu Sing, alias Tsu Tse Mee, is guilty of having unlawfully entered the United States on the 16th day of February, 1897, as charged in bill of complaint. Second. That he is now, and was on the said date, a subject of the empire of China. Third. That, being unlawfully in the United States, he is not entitled to enter the United States, or to remain therein, having so entered."

To this return the petitioner filed an answer, and traverse, specifically denying all the facts so found by the commissioner; and upon the hearing had before the special referee and examiner authorized to inquire into the facts, and report to this court his conclusion from the evidence presented to him, the petitioner offered to prove:

"That Tsu Tse Mee never testified on any hearing before any commissioner at El Paso as to how he was in the United States, and that, as a matter of fact, he came to the United States, San Francisco, about twelve years ago, and has been a resident of San Francisco until about the middle of January, 1897, and had been a merchant of San Francisco during that time, and that the firm of which he was a partner dissolved partnership about the time he left San Francisco, to wit, about the middle of January, 1897, when he went from San Francisco to El Paso, without going beyond the boundaries of the United States, for the purpose of making collections at El Paso and other places in the United States along his route connected with the business of the firm,

which had dissolved partnership; and that he is not a laborer, and, under the laws of the United States, he is not required to have any certificate for being allowed to remain here."

This offered evidence was rejected by the special referee and examiner, and the petitioner now claims that such ruling was erroneous, and that he was thereby deprived of his right to disprove the facts set forth in the return to the writ, and thus to show the illegality of his imprisonment. In passing upon the question thus presented, it is necessary to consider the force and effect of the judgment of deportation set out in the return. and whether such judgment or determination is subject to attack in this collateral proceeding.

The authority of a commissioner of the circuit court of the United States to hear and determine a complaint charging a Chinese person with being unlawfully in the United States was given by section 13 of the act of September 13, 1888 (25 Stat. 476), and is as follows:

"That any Chinese person, or person of Chinese descent, found unlawfully in the United States or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district. A certified copy of the judgment shall be the process upon which said removal shall be made, and may be executed by the marshal of the district or any officer having authority of a marshal, under the provisions of this section."

This provision in the law of September 13, 1888, is still in force. U. S. v. Wong Dep Ken, 57 Fed. 203.

It seems to me too clear to admit of any doubt that in a proceeding commenced against a Chinese person before a commissioner of a United States court, in the manner authorized by that section, after jurisdiction of the person charged has been obtained, and hearing had, a judgment by such commissioner of conviction and deportation is final and conclusive upon the question of the right of such person to remain in the United States, subject only to review on appeal by the district court of the district, as provided by that section. Such judgment is not, in a collateral proceeding, subject to review by any other court upon the same or upon other and additional evidence. The law must leave the final decision of every controversy somewhere, and, when a judgment or decision has been made in any case by the tribunal or officer duly appointed by law to hear and determine such case, no other court is authorized to re-examine or controvert the sufficiency of the evidence upon which such court or officer acted, or to retry such case upon its merits, unless specially authorized by law so to do. Yet this is precisely what the petitioner asks the court to do in this proceeding,—to hear evidence in relation to the right of Tsu Tse Mee to remain in the United States, and, in view of such evidence, to determine the question as to his right to remain as an original question, and as if it had not been already fully determined by the commissioner of the circuit court of the United States for the Western dis-

trict of Texas by the judgment of deportation set out in the return to the writ of habeas corpus issued herein. I feel satisfied that the court is not authorized in this proceeding to retry the same questions of fact determined by that judgment, and it follows therefrom that the special referee and examiner was justified in refusing to receive the evidence embraced in the petitioner's offer.

This conclusion is fully sustained by the cases of In re Leo Hem Bow, 47 Fed. 302, and U. S. v. Don On, 49 Fed. 569, and is also supported by the general principle governing courts in proceedings under the writ of habeas corpus, that such writ cannot be used as a substitute for a writ of error for the purpose of reviewing alleged errors either of fact or of law, and which might, upon an appeal, be found to have entered into the judgment imposing the imprisonment or restraint complained of. In all cases in which the return shows that the petitioner is restrained of his liberty by virtue of the judgment of a court, and such judgment is not assailed by the allegation of some extrinsic fraud, which, if it exist, would render it a nullity, the inquiry under the writ of habeas corpus is limited to the question whether the court rendering such judgment acted within or without its jurisdiction. Section 760, Rev. St. U. S., which gives to a petitioner n a proceeding like this the right to "deny any of the facts set forth in the return," and also to allege other matters which may be material in the case, and which section is relied upon by the learned counsel for the petitioner here, does not change the well-settled rule of law in relation to the conclusive effect of a judgment of a court of competent jurisdiction as to all matters properly before the court, and embraced in its judgment, as against a collateral attack. That the section just referred to does not have the effect claimed for it by the counsel for the petitioner here, and was not intended to enlarge the jurisdiction of a court or judge, issuing the writ of habeas corpus so as to permit in the proceeding under such writ a retrial and discharge of a person imprisoned by virtue of a valid judgment, is clearly shown by the learned and exhaustive opinion of the late Judge Blatchford in the case of In re Stupp, 12 Blatchf. 501, Fed. Cas. No. 13,563.

The writ issued herein will be discharged, and the said Tsu Tse Mee remanded to the custody from whence he was taken, to be deported to China, in accordance with the judgment of deportation set out in the return to the writ; and it is so ordered.