## In re GUT LUN.

### (District Court, N. D. California. November 1, 1897.)

#### No. 11,348.

**1.** DEPORTATION OF CHINESE—VALIDITY OF JUDGMENT—SUPERFLUOUS FINDING
    A complaint for the deportation of a Chinese laborer alleged merely that she had been and remained in the United States without procuring the certificate of residence required by the acts of May 5, 1892, and November 3, 1893. On the trial the court found that defendant was unlawfully within the jurisdiction of the United States, and, further, that she had entered the United States in violation of law, and gave judgment of deportation. *Held,* that the general finding that defendant was unlawfully in the United States was sufficient to support the judgment, though the further finding of an unlawful entry was not within the issues made by the pleading.

**2.** SAME—COLLATERAL ATTACK—HABEAS CORPUS.
    A judgment of deportation of a Chinese person by a court having jurisdiction of the controversy and the parties cannot be impeached on habeas corpus by proof of a different state of facts from that on which the judgment was based; and where the court found that the Chinese person unlawfully remained in the United States without procuring the certificate of residence required by the acts of May 5, 1892, and November 3, 1893, such a certificate cannot be received in evidence in the habeas corpus proceeding.

This was a petition by Gut Lun, a Chinese person, for a writ of habeas corpus to release her from confinement under a judgment of deportation.

Lyman I. Mowry and J. C. Judkins, for petitioner.
Bert Schlesinger, Asst. U. S. Atty.

DE HAVEN, District Judge. The petitioner, Gut Lun, is restrained of her liberty for the purpose of deportation by virtue of a judgment of the district court of the First judicial district of the territory of Arizona. The record shows that the complaint in the proceeding in which that judgment was rendered charged that the petitioner here is a Chinese laborer, and had, since May 5, 1892, "been and remained, and now is, within the limits of the United States, and is at present within the limits of the city of Tucson, county of Pima, territory and district of Arizona, without procuring the certificate of residence as required by the provisions of the act of congress entitled 'An act to prohibit the coming of Chinese persons into the United States,' approved May 5, 1892, and the act of congress amendatory thereof, approved November 3, 1893. Upon the trial in that proceeding the petitioner appeared in person and by

counsel, and the court found, among other things, as appears from the recitals contained in its judgment, that the said Gut Lun is a Chinese person, and a subject of the empire of China, and was found unlawfully within the jurisdiction of the United States of America, in the city of Tucson, territory of Arizona; and that she was "guilty of having entered the United States of America from the empire of China in violation of the act of congress in such cases made and provided, and that she, the said Gut Lun, is unlawfully within the United States of America"; and thereupon judgment was given to the effect that she be deported to the empire of China.

1. It is claimed by the petitioner that the finding of the district court of Arizona to the effect that petitioner was "guilty of having unlawfully entered the United States" was not within the issues involved in the proceeding before that court, and that its judgment is, for that reason, void. This contention is, in effect, nothing more than a claim that there is a variance between this finding of the court and the facts alleged in the complaint. If it should be conceded that such a variance exists, still that fact would not affect the jurisdiction of the court to render the particular judgment under which the petitioner is held. The judgment rendered by the district court of Arizona was one which the law authorized it to pronounce in that proceeding, upon its general finding that this petitioner was found unlawfully within the jurisdiction of that court.

2. Nor did the special referee in the proceeding now before this court err in refusing to permit the petitioner to introduce in evidence a certificate of residence, such as is required by section 6 of the act of congress of May 5, 1892, and the act of congress amendatory thereof, approved November 3, 1893. This certificate purported to have been issued to her by the collector of internal revenue for the First district of California, prior to the commencement of the proceeding which resulted in the judgment of deportation under which she is now held. This offered evidence undoubtedly tended to show that the petitioner has fully complied with the acts of congress above referred to, but in its judgment above referred to the district court of the territory of Arizona determined the fact to be otherwise than as is shown by such certificate, and this court is not authorized to retry that question. In re Tsu Tse Mee, 81 Fed. 702. The judgment of the district court of the territory of Arizona being valid, it cannot be reversed or set aside in this collateral proceeding by proof showing a different state of facts from that upon which that court based its judgment. The proposition that the judgment of a court having jurisdiction over the controversy and the parties to it cannot be impeached for error, either of law or fact, except in a direct proceeding for that purpose, is so well settled that it may be considered one of the maxims of the law. Cooper v. Reynolds, 10 Wall. 308. Exceptions overruled, writ discharged, and petitioner remanded to the custody whence she was taken, to be deported to China in accordance with the judgment of the district court of the territory of Arizona. So it is ordered.