# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

UNITED STATES v. MOY YEE TAI et al.

(Circuit Court of Appeals, Second Circuit.   May 9, 1901.)

1. CIRCUIT COURT OF APPEALS—JURISDICTION—PROCEDURE FOR REVIEW.

   Outside of the power of revision given in bankruptcy proceedings, a circuit court of appeals has no power to set aside or modify an order made by a district court, except upon appeal or writ of error therefrom. It cannot, on a motion, set aside an order of a district judge admitting defendants to bail pending proceedings for review.

2. APPEAL—AUTHORITY TO ALLOW—DISTRICT JUDGES.

   The provision of rule 35 of the circuit court of appeals of the Second circuit (31 C. C. A. lxvi., 90 Fed. lxvi.), that an appeal or writ of error from a circuit or district court to such court "may be allowed * * * by any district judge within his district," does not authorize a district judge, while sitting in his own district, to allow an appeal from a court of another district.

Appeal from the District Court of the United States for the Northern District of New York.

Motion to vacate and set aside an order permitting and directing that the appellants be admitted to bail pending the appeal herein.

Geo. B. Curtiss, U. S. Atty., for the motion.

Max J. Kohler, opposed.

Before LACOMBE and SHIPMAN, Circuit Judges, and WHEELER, District Judge.

PER CURIAM.   Two Chinamen, Moy Yee Tai and Moy On, who entered the United States by land on the Canadian border, were arrested upon a warrant issued by a United States commissioner for the Northern district of New York, upon a complaint charging them with having unlawfully entered the United States, and having been found unlawfully within the United States.   They were tried, convicted, and ordered to be deported January 29, 1901.   Appeal was taken from the decision of the commissioner to the judge of the district court for the Northern district of New York, under section 13 of the act of 1888, which allows such appeal specifically to the district judge.   The appeal was duly heard, and on March 5, 1901,

109 F.—1

an order was made by the district judge of the Northern district dismissing the appeal, and affirming the decision and order of the commissioner. On April 8, 1901, an allowance of appeal from this decision of the said judge of the Northern district and a citation were presented to the district judge of the Southern district of the same state, sitting at his chambers within said Southern district. Both papers were signed by him. On the same day he made and entered the order in the Southern district of New York which is the subject of this motion.

In bankruptcy this court has jurisdiction, upon petition and notice, "to superintend and revise in matter of law" the proceedings of the district court, but otherwise it has no power to vacate, set aside, or modify an order of the district court, except upon appeal or writ of error. Moreover, it has jurisdiction to review, by appeal or by writ of error, only final decisions or orders granting injunction or appointing receivers. It may well be doubted whether an order admitting a defendant to bail pending appeal from a judgment or order directing his imprisonment or deportation is a final decision, which may be thus reviewed. But that question need not now be considered, since there is nothing before us to show that said order has been appealed from or any writ of error sued out to review it.

To the suggestion that it is now before this court as part of the record upon appeal from the order of the judge of the Northern district, it is sufficient to say that we are not satisfied that any such appeal has carried the record to this court.

The first subdivision of the thirty-fifth rule of this court provides as follows:

"An appeal or writ of error from a circuit court or a district court to this court in the cases provided for in sections 6 and 7 of the act entitled 'An act to establish circuit courts of appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States and for other purposes,' approved March 3, 1891, and acts to amend said act approved February 18, 1895, and January 20, 1897, may be allowed in term time or vacation by the circuit justice or by any circuit judge, within the circuit or by any district judge within his district, and the proper security be taken and the citation be signed by him, and he may also grant a supersedeas and stay of execution or of proceedings pending such writ of error or appeal." 31 C. C. A. lxvi., 90 Fed. lxvi.

The plain meaning of this rule is that a district judge within his district may allow appeal in any case within his district, not that the judge of one district shall, while sitting in his own district, regulate the practice in litigations pending in some other district. Nor does section 11 of the act of March 3, 1891, give any more extensive power in this regard, because, although competent to sit as a judge of the circuit court of appeals, he becomes a judge of such court only when the full court at any time shall not be made up by the attendance of the chief justice or an associate justice of the supreme court and circuit judges, and such competent district judge shall be designated by the court under general or particular assignment. Act 1891, § 3. There was no such general or particular assignment in force on April 9, 1901, designating the district judge

of the Southern district to sit in the court of appeals, and we are therefore of the opinion that the affixing of his signature to the allowance of appeal and citation was inoperative to bring the order of the judge of the Northern district into this court for review on appeal. The motion is denied.