### In re AH TAI.

#### (District Court, D. Massachusetts. November 16, 1903.)

**1. ALIENS—CHINESE—EXCLUSION—NATURE OF PROCEEDING—BAIL.**

A proceeding for the deportation of a Chinese alien under the exclusion acts is not criminal in its nature so as to entitle such alien to bail, as a person accused of crime, pending appeal from a commissioner's order of deportation.

**2. SAME.**

A proceeding under the exclusion acts for the deportation of a Chinese alien, though civil in its nature, is sui generis, and the District Judge to whom an appeal is taken from a commissioner's order directing deportation has inherent power to admit the alien to bail pending the appeal.

**8. SAME.**

Chinese Exclusion Act Nov. 3, 1893, c. 14, § 2, 28 Stat. 8 [U. S. Comp. St. 1901, p. 1322], providing that an order of deportation shall be executed by the United States marshal of the district within which such order is made, and pending execution the Chinese person shall remain in the custody of the marshal and shall not be admitted to bail, applies only where the order of deportation is final, and does not prevent the admission of a Chinese alien, ordered to be deported, to bail pending an appeal from such order.

William H. Garland, Asst. U. S. Atty.
John L. Dyer, for Ah Tai.

LOWELL, District Judge. A Chinaman was complained of under the Chinese exclusion acts of May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], and November 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1322], as being a Chinese laborer in the United States without authority. After hearing, the commissioner

¶ 1. Citizenship of the Chinese, see notes to Gee Ford Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.
¶ 3. See Aliens, vol. 2, Cent. Dig. § 94.

ordered his deportation. He has duly appealed to me, and, pending a hearing on his appeal, asks to be admitted to bail. The district attorney has opposed his petition, and has objected that he cannot be bailed under the circumstances.

The bailing of a Chinaman under the exclusion acts is not easily brought within the general principles governing the law of bail and recognizance. In Fong Yue Ting, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905, it was held that the proceedings under these acts are not criminal in their nature. It was there said, "When * * * the executive officer * * * brings the Chinese laborer before the judge in order that he may be heard, and the facts upon which depend his right to remain in the country be decided, a case is duly submitted to the judicial power; for here are all the elements of a civil case—a complainant, a defendant, and a judge." Page 728, 149 U. S., page 1028, 13 Sup. Ct., 37 L. Ed. 905. "The proceeding before a United States judge, as provided for in section 6 of the act of 1892, is in no proper sense a trial and sentence for a crime or offense." Page 730, 149 U. S., page 1028, 13 Sup. Ct., 37 L. Ed. 905. See Li Sing v. U. S., 180 U. S. 486, 494, 21 Sup. Ct. 449, 45 L. Ed. 634. The decision of the first-mentioned case turned upon the nature of the proceedings for deportation. Had these been deemed criminal, the statute would have been held unconstitutional. It seems to follow that Chinamen whose deportation is sought by the United States have not the right, as persons accused of crime, to demand release upon bail. On the other hand, if the proceedings for deportation are deemed civil in their nature, it is not easy to find authority for admission of the respondent to bail, unless an arrest in a civil case necessarily imports the right to a release upon bail. The statutory provisions for special bail (Rev. St. § 942 [U. S. Comp. St. 1901, p. 693]), have little apparent application to a case like this, and section 945 [U. S. Comp. St. 1901, p. 694] provides merely that certain officers may take bail where bail is required or allowed. In the deportation of Chinese the proceedings are sui generis; they are authoritatively declared to be civil in their essence, but they are somewhat criminal in their appearance. Thus the statutes speak of violation of the provisions of the act, of arrest, conviction, and imprisonment at hard labor. In judicial opinions the courts have spoken of testimony in a deportation case as incriminating the respondent (Ex parte Sing [C. C.] 82 Fed. 22); of "the offense" (using the word only for convenience), and of punitive provisions (In re Ng Loy Hoe [C. C.] 53 Fed. 914); of "verified complaint" and "warrant" (U. S. v. Wong Dep Ken [D. C.] 57 Fed. 206. See U. S. v. Long Hop [D. C.] 55 Fed. 58); of "presumption of innocence" (In re Chu Poy [D. C.] 81 Fed. 826, 828); of "a plea of not guilty" and "a finding of guilty" (In re Tsu Tse Mee [D. C.] 81 Fed. 562; In re Gut Lun [D. C.] 83 Fed. 141, 142); of a respondent as "tried and convicted" (U. S. v. Long Hop [D. C.] 55 Fed. 58, 59).

In this and other districts, bail has been taken at some stage of the proceedings for deportation. This is the practice in the Districts of Vermont and Southern New York, both before the commissioner's hearing and after an appeal to the judge. Until objec-

tion was made in this case, the practice in this district had been the same without objection. This has been the practice in the District of Maine until lately, when the legality of admitting to bail after the commissioner's judgment of deportation has been mooted. Bail was taken in the case of Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544; in U. S. v. Moy Yee Tai, 109 Fed. 1, 48 C. C. A. 203; and has been recently taken, I am informed, by Mr. Justice Peckham in certain cases now pending before the Supreme Court. See, also, Chow Goo Pooi (C. C.) 25 Fed. 77, 78. The admission to bail in proceedings for habeas corpus is governed by statute, and has no application to the case at bar. The exclusion acts themselves recognize by implication that bail is not altogether excluded in proceedings thereunder. Section 2 of the act of November 3, 1893, c. 14, 28 Stat. 8 [U. S. Comp. St. 1901, p. 1322], by providing that a Chinaman shall not be admitted to bail at one stage of the proceedings, impliedly recognizes that he may be admitted to bail at another stage. Even in proceedings for extradition, the Supreme Court has refused to declare that courts were wholly without an inherent right of taking bail. Wright v. Henkel, 190 U. S. 40, 63, 23 Sup. Ct. 781, 47 L. Ed. 948. It is also most convenient that bail should not be altogether excluded. Were bail never taken, the jails might be overcrowded, and the recent arrests in this city show that this danger is not imaginary. To hold bail altogether inadmissible under the act would invalidate hundreds of existing recognizances. The reported cases, the practice of many judges, the language of the statutes, and practical convenience all combine to suggest that bail should not be altogether excluded in proceedings for deportation. This court is not disposed to disregard considerations of such importance.

If bail be anywise admissible, it may ordinarily be taken pending an appeal as well as before the original hearing. Thus it was said in Hudson v. Parker, 156 U. S. 277, 285, 15 Sup. Ct. 450, 453, 39 L. Ed. 424:

"The statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction and pending a writ of error."

The appeal is here to the District Judge rather than to the District Court (Chow Loy v. United States, 112 Fed. 354, 50 C. C. A. 279), but there is nothing intrinsically improper in admission to bail by a judge rather than by a court, nor does any reason appear why a respondent may not give bail to appear before a judge as well as before a court.

The government relied chiefly upon an express prohibition of bail, after sentence of deportation by the commissioner, supposed to be found in the second section of the act of 1893:

"Such order of deportation shall be executed by the United States marshal of the district within which such order is made, and he shall execute the same with all convenient dispatch; and pending the execution of such order such Chinese person shall remain in the custody of the United States marshal, and shall not be admitted to bail."

But this clause applies only where the order of deportation is final, and it is inapplicable while an appeal from the decision of the commissioner is pending. That an appeal from the judgment of the commissioner is analogous to an appeal from the judgment of an inferior court was said in 22 Op. Atty. Gen. 340. Pending an appeal it is not the duty of the United States marshal to deport the Chinaman with all convenient dispatch, and so there is no sufficient reason why, "pending the execution of such order, the Chinese person shall remain in the custody of the United States marshal, and shall not be admitted to bail." Even after judgment of deportation by the judge, a Chinaman was temporarily discharged from custody because the marshal was without means of deporting him. Ny Look (C. C.) 56 Fed. 81. To prevent a release upon bail under those circumstances, the prohibition just quoted was inserted by Congress.

The form of recognizance hitherto used in this district in proceedings for deportation is like that used in criminal cases. Before the commissioner's hearing, he admits to bail. After his judgment of deportation and an appeal therefrom, the recognizance has hitherto been taken by the clerk of the District Court, conditioned that the respondent shall appear before the District Court of the United States "from day to day of this present term, and from day to day and from term to term thereafter, then and there to prosecute said appeal and to answer to such matters and things as shall be objected against him on behalf of the United States, and relating particularly to the said appeal now pending in said court."

The condition "to appear before the District Court" may have been improvidently adopted. Perhaps the recognizance should be entered into before the judge in person. This decision is not intended to debar the district attorney from moving to change the form of condition or otherwise to modify the existing practice.