UNITED STATES v. LOY TOO.

(District Court, N. D. New York. September 28, 1906.)

1. ALIENS—PROCEEDINGS FOR DEPORTATION OF CHINESE—APPEAL.

A Chinese person, ordered deported by a commissioner, may appeal to the district judge as a matter of right under the statute, and, in the absence of a rule of court requiring it, an order of the judge allowing the appeal is unnecessary; the service of notice of appeal on the commissioner and the district attorney, and the filing of such notice with the clerk, being sufficient. An order of the judge, however, is necessary to stay the execution of the commissioner's order pending the appeal.

2. SAME—EVIDENCE CONSIDERED.

Evidence considered, and held to sustain the finding of a commissioner adverse to the claim of a Chinese person that he was a native of the United States.

Appeal from the Judgment of Deportation made by Benjamin L. Wells, United States Commissioner in and for the Northern District of New York, March 9, 1906.

H. E. Owen, Asst. U. S. Atty.

R. M. Moore, for defendant.

RAY, District Judge. The first question raised is that the appeal herein was allowed by a district judge of the Southern District of New York at a time when the district judge of the Northern district of New York, in which district the proceeding was had and the judgment pronounced, was present in the district and engaged in the performance of his duties, and no other district judge had been assigned or designated to act in said district. That therefore there has been no legal appeal, as the district judge who allowed the appeal was without jurisdiction to act in the premises. The second point is that, on the whole evidence adduced, it was the duty of the commissioner to find that the defendant was born in the United States, and that he is a citizen thereof and entitled to be and remain in this country.

The appellant answers to the first proposition that in these Chinese cases no allowance of an appeal is necessary, that the service of a notice of appeal is all that is demanded by the law in order to perfect it. It is conceded, however, that an order staying the execution of the judgment of deportation must be obtained from a judge having jurisdiction, if deportation is to be delayed pending the appeal. That the mere taking of an appeal does not stay the execution of such judgment. That the Chinese person ordered deported may appeal to the district judge of the district in which the judgment of deportation is pronounced is unquestioned. This right is given by statute, but the mode and manner of taking the appeal

is not pointed out. This, I think, is matter of practice and may be regulated by rules made by the district judge. I find no authority requiring an appeal to be allowed by the judge. It is taken as matter of right. A notice of appeal must be in writing, and it should be filed with the clerk of the court, a duplicate served on the commissioner pronouncing the judgment, and another or triplicate notice should be served on the United States Attorney for the district. The judge should be applied to for an order staying the execution of the judgment of deportation pending the appeal, but the defendant cannot be admitted to bail. In this case a notice of appeal was duly served, and a return has been made by the commissioner, and deportation has not been made. The allowance of the appeal was unnecessary, and, if a nullity, does not affect the validity of the appeal taken. In this district the allowance of the appeal has always accompanied the appeal and an order staying execution of the judgment. This course of procedure was adopted for the protection of the defendant. A departure therefrom may result in the deportation of a defendant pending the appeal. The marshal must have notice and be stayed, else it is his duty to execute the judgment. As to the second point it is clear that the judgment of the commissioner was not only justified by the evidence, but right.

The defendant undertook to prove by a Chinese person, one Gong Lack, that he, defendant, is the son of the brother of witness and was born in the United States. The witness so testified. The government then proved by undisputed evidence that July 3, 1903, Gong Lack was sworn as a witness on the application of one Gong Wing for readmission into the United States. That on that hearing in answer to the following questions, Gong Lack testified as follows:

"Q. Are you married? A. Yes. Q. Any children? A. Yes. Q. How many? A. Two. Q. Where were they born? A. In China. Q. Have you any brothers? A. Yes. Q. How many? A. One. Q. Is he married? A. Yes. Q. Has he any children? A. Yes; he has two boys and one girl. Q. Where were they born? A. In China. Q. Any sisters? A. No."

If the evidence given by the witness on that examination was correct and true, the evidence given on this trial before the commissioner as to the place of defendant's birth was incorrect and untrue. The witness undertook to convince the commissioner that he did not understand on the former hearing that he was being interrogated as to his brother and his brother's children and their place of birth, but as to the applicant there for readmission, said Gong Wing, and his children and their place of birth. That he had reference in his former answers to such person and to his children. The explanation was quite plausible and cunning, but not convincing with the commissioner, and is not convincing here. The questions and answers were plain and direct.

The judgment or order of deportation is affirmed.