[Civil No. 1137.   Filed April 2, 1910.]

[108 Pac. 488.]

## UNITED STATES OF AMERICA, Appellant, v. WONG LEE FOO, Defendant and Appellee.

1. ALIENS—EXCLUSION—CHINESE PERSON—NATURE OF PROCEEDINGS.—Exclusion proceedings under the Chinese Exclusion Acts are not criminal in their nature, so that a defendant therein cannot demand bail as one accused of crime, its allowance being at most discretionary.

2. ALIENS—EXCLUSION — CHINESE — PROCEEDINGS—BAIL PENDING APPEAL—RIGHT.—Act of Congress of November 3, 1893, chapter 14, section 2 (28 Stat. 8; [U. S. Comp. Stats. 1901, p. 1322]), providing that an order of deportation of a Chinese person shall be executed by the United States marshal with all convenient dispatch, and pending the execution of such order such person shall not be admitted to bail, does not prevent the district judge from granting bail in his discretion, pending appeal to him from an order of deportation of a commissioner, the commissioner's order not being necessarily final, though such discretion should be sparingly exercised, in view of the object of the Chinese exclusion law, which was to prevent competition of Chinese labor with American labor.

APPEAL from an order of Fletcher M. Doan, Judge.   In the District Court, Second Judicial District.

Wong Lee Foo, a Chinese person, was ordered deported by an order of a United States commissioner.   An appeal from the order of deportation was taken to the judge of the district court of the second judicial district.   Pending the appeal the appellant applied for and was admitted to bail by an order of the judge of the district court.   From such order admitting to bail an appeal has been taken by the United States.   Affirmed.

J. L. B. Alexander, United States Attorney, and George D. Christy, Assistant United States Attorney, for Appellant.

Ben Goodrich and D. L. Cunningham, for Appellee.

KENT, C. J.—The question raised by this appeal is whether the judge of the district court has the right to enlarge on bail pending appeal a Chinaman who has been ordered deported by a United States commissioner as being unlawfully within the United States.  It is contended by the appellant that such judge is prohibited from granting bail by the provisions of the act of Congress approved November 3, 1893 (Act Nov. 3, 1893, c. 14, sec. 2, 28 Stat. 8 [U. S. Comp. Stats. 1901, p. 1322]), reading as follows: "Such order of deportation shall be executed by the United States marshal of the district within which such order is made, and he shall execute the same with all convenient dispatch; and pending the execution of such order such Chinese person shall remain in the custody of the United States marshal, and shall not be admitted to bail."  Proceedings under the Chinese Exclusion Acts are not criminal in their nature.  *Fong Yue Ting* v. *United States,* 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905.  It follows, therefore, that a Chinaman whose deportation is sought by the United States has not the right to demand bail as has a person accused of a crime.  The allowance is at most discretionary with the judge.  *United States* v. *Fah Chung* (D. C.), 132 Fed. 109; *In re Ah Tai* (D. C.), 125 Fed. 795.

In the case last cited the district court for the district of Massachusetts held that the statute in question did not operate to prevent the district judge from admitting the Chinaman to bail pending an appeal to him from the order of deportation.  The court recognized the fact that in the deportation of Chinese the proceedings are *sui generis;* that in many jurisdictions it is the practice to take bail at some stage of the proceedings, both before the commissioner's hearing and after the appeal to the district judge, and that the taking of bail at some stage of the proceedings is impliedly recognized in the prohibition contained in the clause of the statute in question.  The court then proceeded to say, referring to the statute: "But this clause applies only where the order of deportation is final, and it is inapplicable while an appeal from the decision of the commissioner is pending.  That an appeal from the judgment of the commissioner is analogous to an appeal from the judgment of an inferior court was said in 22 Op. Atty. Gen. 340.  Pending an appeal it is not the duty of the United States marshal to deport the Chinaman with all con-

venient dispatch, and so there is no sufficient reason why 'pending the execution of such order, the Chinese person shall not be admitted to bail.' Even after judgment of deportation by the judge, a Chinaman was temporarily discharged from custody because the marshal was without means of deporting him. *Ny Look* (C. C.), 56 Fed. 81. To prevent a release upon bail under those circumstances, the prohibition just quoted was inserted by Congress." We agree with the conclusion reached by the learned court. But for the statute the judge has the inherent power to admit to bail in such a proceeding, and it seems to us, while the construction is not entirely free from doubt, that the language of the statute does not in terms prohibit it after the order of deportation has been issued when an appeal has been lodged. The commissioner's order is not then necessarily final. It is true that, under the practice as it exists in some jurisdictions, when the appeal is dismissed, the commissioner's order is then carried into effect, and in such case the practical result is that the execution of the commissioner's order is merely suspended, and no new order of deportation is made; but, on the other hand, where the matter is heard by the district judge upon the merits, the case is tried *de novo,* and not upon the record before the commissioner, and if the result of such trial is an order of deportation, a new order is made by the district judge, and the commissioner's order is not suspended, but becomes inoperative. *Liu Hop Fong* v. *United States,* 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888. The precise question before us has been decided by two courts adversely to the contention of the appellee, but no reasons for the decision in either case were given, except that the statute was prohibitory. *Chan Gun* v. *United States,* 9 App. Cas. (D. C.) 290; *United States* v. *Loy Too* (D. C.), 147 Fed. 750. The question has not been passed upon as yet by the supreme court of the United States. We believe that, as the statute does not in terms prohibit the taking of bail pending the appeal, it is within the power of the district judge to grant bail in his discretion; but, as the general purpose of the exclusion laws is to prevent the competition of Chinese labor with that of our citizens, the discretion so vested should be exercised sparingly, and with regard to the circumstances of the particular case, so that Chinamen may not be able to defeat the

purpose and policy of the law by giving bond and having their liberty after the order of deportation has been made, and pending the appeal.

The order appealed from is affirmed.

LEWIS and DOE, JJ., concur.   CAMPBELL, J., dissents.