IN THE MATTER OF THE PETITION OF HATSUYO KOBAYASHI FOR A WRIT OF HABEAS CORPUS.

October 9, 1915.

*Habeas Corpus—Exhaustion of remedies*:    An immigrant cannot obtain by habeas corpus relief from an order of immigration officers denying a landing, before exhausting his remedy by appeal to the Secretary of Labor.

*Habeas Corpus*:   On application for writ.

*G. A. Davis* for petitioner.
*Jeff McCarn,* U. S. District Attorney, for respondent.

DOLE, J.   The applicant has had a hearing or hearings, before the immigration officers, who have decided that she is not entitled to land and have ordered her deportation. Without appealing to the Secretary of Labor, she has applied to this court for a writ of habeas corpus, and her counsel has offered in support of such application the cases of *In re Ah Tai,* 125 Fed. 795; *United States v. Fah Chung,* 132 Fed. 109, and *United States v. Wong See Foo,* 108 Pac. 488.

. The point in these three cases is concerned with the right of appeal of a Chinese refused a landing and for being un-

lawfully in the country, the law providing (28 Stat. 8) that an order of deportation made by a United States commissioner or judge shall be executed by the marshal, and pending execution of such order the Chinese person shall remain in the custody of the United States marshal and shall not be admitted to bail.

The case of *In re Ah Tai* correctly construes this section to mean that the refusal of appeal shall apply only where such order of deportation is final and open to immediate execution, but where an appeal is taken from such order the Chinese person may be admitted to bail. The other cases referred to adopt this construction.

But these rulings do not affect the question before me, which is, whether the court shall grant a writ of habeas corpus to an alien denied landing by the immigration officers, where he has taken no appeal therefrom to the Secretary of Labor. This matter has been threshed out in this court, adopting the authorities of *United States v. Sing Tuck,* 194 U. S. 170, and *Minnesota v. Brundage,* 180 U. S. 499, 503. This court has considered that the reasoning of the authorities mentioned applies equally to questions of aliens applying for writs who are detained by immigration officers. See *In re Young Chow Yee,* ante, p. 241; also, *Ryonosuke Sakaba,* ante, p. 372; also, *Chung Lum, Wong Yuen and Sui Joy,* ante, p. 376.

The *Sing Tuck* case, above referred to, has the following:

"Before the courts can be called upon, the preliminary sifting process provided by the statutes must be gone through with."

The point made by counsel that the case of his client is one of urgency does not appeal to me; for although undoubtedly the petitioner is greatly inconvenienced by being detained, the same is true of every alien who applies for admission to this country and is refused. The practice is important and necessary. To quote from the decision in the above-mentioned case of *Chung Lum, Wong Yuen*

*and Sui Joy:*

"This practice is, I think, a reasonable one, both for clients and the court. The exhausting of remedies below will tend to prevent cases from being brought which ought not to be brought, and to put the court in a position to hear petition on the basis of a clear understanding."

The application for the writ must be denied.