98 N.J. Super. 534 (1968)
237 A.2d 905
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH FERRARA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1968.
Decided January 19, 1968.
*535 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. David J. Monyek, Assistant County Prosecutor, argued the cause for appellant (Mr. Edward J. Dolan, Middlesex County Prosecutor, attorney; Mr. Christopher R. Wood, Legal Assistant, on the brief).
Mr. Robert Lewandowski for respondent (Messrs. Wilentz, Goldman & Spitzer, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
The trial court suppressed the evidence seized under a search warrant on the ground that the premises searched were not correctly or sufficiently described in the warrant. The State appeals by our leave. We reverse.
The case is submitted to us upon an agreed statement in lieu of record. R.R. 1:6-2.
The search warrant described the premises as follows:
"* * * certain premises within the City of New Brunswick, New Jersey in the County of Middlesex, to wit, the premises known as 41 Rear of Old Mack Building, Jersey Avenue, New Brunswick, New Jersey, consisting of a brown stucco garage complex with overhead doors in the front of said building and having green trim, the unit on the most northerly corner of said building, which building is located *536 at the rear of the Old Mack Building, 41 Jersey Avenue, City of New Brunswick * * *."
The warrant was issued upon the basis of an affidavit made by prosecutor's detective Engel which stated that he was reliably informed that horse bets were being placed by calling Charter 9-5366; after verifying the fact that bets could be so placed,
"On July 1, 1966 I ascertained from the Bell Telephone Company that CHarter 9-5366 was issued on May 20, 1966 to Pippy Ferrara Trucking Company, 41 Rear of Old Mack Building, Jersey Avenue, New Brunswick, New Jersey.
On July 1, 1966 at 1:00 P.M. I positioned myself in the Jersey Avenue area and observed the building in question and found it to be a brown stucco garage complex with overhead doors in the front of said building and having green trim. The unit occupied by the Pippy Ferrara Trucking Company is the one on the most northerly corner of said building, which building is located to the rear of the Old Mack Building, 41 Jersey Avenue, City of New Brunswick, New Jersey."
The affidavit described Engel's further surveillance of the "garage" on July 2 and July 4 and
"* * * that the only window on the premises being approximately 2 feet by 2 feet square is covered with some type of a cloth so as to obstruct vision. Further observation of the outside of the premises indicates a television wire running from the main building of the Mack Building approximately 800 feet to this unit. There are no other doors or exits in the unit except the overhead garage door. I did not observe any operations having to do with the maintenance or conducting of trucking business while I was there."
The correct address of the Old Mack Building is 131 Jersey Avenue. 41 Jersey Avenue is a private two-family dwelling with an appurtenant garage in the rear, three-quarters of a mile from the Old Mack Building. However, it was stipulated that "the building to the front of the garage complex raided is commonly known throughout New Brunswick as the `Old Mack Building.'"
In State v. Daniels, 46 N.J. 428 (1966) the Supreme Court said:
*537 "[T]he test of the sufficiency of the description of the premises is whether it is such that the officer with the search warrant can with reasonable effort ascertain and identify the place intended.

* * * * * * * *
The rule has also been stated as being that the description is sufficiently clear, if it `was such as to enable the officer readily to find' the place to be searched, Townsend v. United States, 253 F.2d 461 (5 Cir. 1958) or if the location can be found `with reasonable effort,' Fine v. United States, 207 F.2d 324 (6 Cir. 1953); United States v. Klaia, 127 F.2d 529 (2 Cir. 1942), or if it provides `reasonable certainty of identification,' United States v. Falcone, 109 F.2d 579, 582 (2 Cir. 1940) affirmed without discussion of this point, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940). The description of the premises requires no more than `practical accuracy.' United States v. Santore, 290 F.2d 51 (2 Cir. 1960), cert. denied 365 U.S. 834, 81 S.Ct. 745, 5 L.Ed.2d 743 (1961); Bryant v. United States, 252 F.2d 746 (5 Cir. 1958)." (at pp. 435, 436-437)
The warrant is entrusted to a trained man  a police officer  who is expected to make reasonable effort to ascertain and identify the place intended and to know how to do it. Cf. State v. Tanzola, 83 N.J. Super. 40, 44 (App. Div.), certification denied 42 N.J. 419 (1964). Since the "Old Mack Building" was "commonly known" as such "throughout New Brunswick," it is fair to assume that the officers who executed the warrant knew of its location. But even if they did not, and went to 41 Jersey Avenue, it would at once have been perfectly obvious to them that the two-story dwelling at that address was not the Old Mack Building, and that the garage in the rear thereof was not the building described in the warrant. Certainly they would then have inquired (if they did not already know) where the Old Mack Building was. Once they got to the Old Mack Building, there could have been no doubt as to what premises were to be searched.
Since the premises to be searched were otherwise so well identified that casting out the plainly erroneous street number there was still left enough to clearly point out the property to be searched, the wrong street number did not affect the validity of the warrant. United States v. Pisano, 191 F. Supp. 861, 863 (S.D.N.Y. 1961); United States *538 v. Joseph, 174 F. Supp. 539, 544 (E.D. Pa. 1959), affirmed 278 F.2d 504 (3 Cir. 1960), certiorari denied 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960); United States v. Contee, 170 F. Supp. 26, 27 (D.C. 1959); United States v. Falcone, 109 F.2d 579, 582 (2 Cir. 1940), affirmed 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940), all cited with approval in Daniels, supra. Here, as in Daniels, there was no showing that there was any other building which "was likely to be confused with the intended premises."
The agreed statement of facts did not include the return of the search warrant. At our request, it was submitted to us and from it we learned that Detective Engel was one of the six officers who executed the warrant. In Daniels, supra, the Supreme Court said that "the personal knowledge of the officer executing the warrant * * *" may properly be "an element to be considered" where "the error is at the worst innocent and technical, and there is additional descriptive language which properly identifies the place * * *." (46 N.J., at p. 438). We believe we have the right to take judicial notice of the return, but since the return was not included in the agreed statement of facts and may not have been brought to the attention of the trial judge, we preferred to exclude it from our consideration in arriving at our opinion that the search was valid. However, for completeness, we deem it advisable to call attention to the return.
Reversed.