470

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM F. LAYTON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 4, 1968—Decided November 21, 1968.

Before Judges SULLIVAN, FOLEY and LEWIS.

*Mr. Ernest S. Glickman* argued the cause for appellant.

*Mr. Gerald Patrick Higham,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Vincent Panaro,* Mercer County Prosecutor, attorney).

The opinion of the court was delivered by

LEWIS, J. A. D.   Defendant was indicted and tried for possession of a motor vehicle on which the serial numbers had been altered, in violation of *N. J. S.* 2A:127–3, and for receiving a stolen automobile, in violation of *N. J. S.* 2A:139–1.

At the close of the State's case defendant moved for judgmen of acquittal as to both indictments on the grounds that the State had presented no evidence that he had knowledge that the serial numbers had been altered or that the vehicle had been stolen. The motion was granted as to the serial numbers offense but it was denied with respect to the indictment for receiving stolen property. The jury returned a verdict of guilty on the latter charge, and the trial judge sentenced defendant to a term of 18 months in the Mercer County Workhouse. He appeals.

The primary contention before this court, raised here for the first time, is that defendant should not have been indicted and tried under *N. J. S.* 2A:139–1, a general statute dealing with receiving stolen property, since the alleged crime was receiving a stolen automobile. He maintains that an indictment and trial for that offense should be under the provisions of *N. J. S.* 2A:139–3, a statutory proscription which relates specifically to purchasing or receiving stolen motor vehicles. It is urged that had the Legislature intended *N. J. S.* 2A:139–1 to apply to receiving stolen motor vehicles there would be no need for *N. J. S.* 2A:139–3. We disagree.

The respective statutes deal with separate and distinct crimes and the defendant could have been indicted under either. The nature and character of the proofs to sustain conviction are not the same, and the penalty under *N. J. S.* 2A:139–1 is substantially less than that imposed under

*N. J. S.* 2*A*:139–3. It is fair and reasonable to assume that the Legislature intended to provide for a contingency that the State's proofs might not be sufficient to convict under *N. J. S.* 2*A*:139–3 but would be adequate to support a conviction under *N. J. S.* 2*A*:139–1.

This court has heretofore affirmed a conviction where the receiver or possessor of a stolen vehicle was prosecuted under *N. J. S.* 2*A*:139–1. See *State v. Bozeyowski,* 77 *N. J. Super.* 49 (*App. Div.* 1962), certification denied January 15, 1963 (unreported), *certiorari* denied 374 *U. S.* 851, 83 *S. Ct.* 1916, 10 *L. Ed.* 2*d* 1071 (1963); in that case, however, the precise issue argued here was apparently not raised. Note also, *State v. Laster,* 69 *N. J. Super.* 504 (*App. Div.* 1961).

█ The supervening arguments, that the cumulative effect of alleged prejudicial remarks by witnesses for the State and by the prosecutor in his summation and alleged improper evidence submitted to the jury unduly prejudiced defendant's case, have been considered in light of the totality of the record. We are satisfied that the challenged irregularities, separately or collectively, do not constitute reversible error and that the defendant had a fair trial.

Judgment affirmed.