113 N.J. Super. 79 (1971)
272 A.2d 758
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR WRIGHT, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1971.
Decided January 21, 1971.
*80 Before Judges KILKENNY, HALPERN and LANE.
Mr. Peter N. Perretti, Jr., Assigned Attorney, argued the cause for appellant.
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. David S. Baime, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by HALPERN, J.A.D.
Defendant was convicted by a jury of the unlawful possession of narcotics (N.J.S.A. 24:18-4), *81 and appeals from the judgment of conviction. The issues will be considered in the order presented in defendant's brief.

I
Defendant contends the court erred in not suppressing the evidence seized because (a) the warrant for the search was issued without a sufficient showing of probable cause, and (b) the warrant was improperly executed.
Defendant had been jointly indicted with Elsie Sampson. At the joint hearing on their motions to suppress, counsel for Sampson advised the court that no attack was being made on the sufficiency of the proofs for the issuance of the warrant. We find from the record that defendant and his attorney (not assigned counsel on this appeal) acquiesced therein. Defendant's attorney made no objection to the admission by Sampson's attorney; at the hearing he offered no argument or testimony to attack the sufficiency of the proofs in support of the warrant, and in summation at the suppression hearing he stated that "we have to assume since the affidavit isn't being attacked, that there was a valid search warrant, and there were grounds for a search warrant, at least to make a search, * * *." The sufficiency of the proofs to support the issuance of the warrant having been voluntarily admitted, the defendant has waived his right to now attack it on appeal. State v. Di Rienzo, 53 N.J. 360, 384 (1969); Oradell Village v. Wayne Tp., 101 N.J. Super. 403 (App. Div. 1968), aff'd 53 N.J. 496 (1969). As we noted in Abel v. Elizabeth Bd. of Works, 63 N.J. Super. 500, 510 (App. Div. 1960), "the object of an appeal is to correct errors properly noted below  not to retry a case."
We turn to the issue concerning the execution of the warrant. The warrant authorized a search for narcotics "concealed in the premises of Arthur Wright, Elsie Sampson known and designated as 12 Chestnut Street, Apt. No. 7, in the City of Newark, Essex County, New Jersey." The trial judge found from the proofs at the suppression hearing *82 that the place to be searched was properly designated because defendant and Sampson were narcotic offenders who had registered as such in compliance with N.J.S.A. 2A:169A-1, and had designated Apt. No. 7 at 12 Chestnut Street as their present address. The fact that the police, in executing the warrant, saw defendant in Apt. No. 8 as they were approaching Apt. No. 7 and arrested and searched him in Apt. No. 8 does not invalidate the search.
The Fourth Amendment to the United States Constitution and Art. 1, par. 7 of the New Jersey Constitution do not forbid all searches and seizures; they forbid only unreasonable searches and seizures. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). When a search is made pursuant to the authority of a warrant, it is preferentially treated and is presumed valid and the burden of establishing its invalidity is upon the defendant. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Mark, 46 N.J. 262, 273 (1966). The warrant will be held to sufficiently describe the place to be searched if the officer with the warrant can with reasonable effort ascertain and identify it. State v. Daniels, 46 N.J. 428, 435-437 (1966); State v. Medero, 95 N.J. Super. 209 (App. Div. 1967); State v. Ferrara, 98 N.J. Super. 534 (App. Div. 1968); State v. Sheppard, 46 N.J. 526 (1966). If the sufficiency of a warrant is marginal, the search will be held valid. United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Kasabucki, 52 N.J. 110, 116 (1968). Applying these standards to the facts appearing in the record before us, we agree with the trial judge that the misdescription of the apartment to be searched resulted from the defendant's own wrongful act. The unintentional error by the police in designating the apartment occupied by defendant and Sampson as Apt. No. 7 as the place to be searched was rationally explained. State v. Daniels, supra, 46 N.J. at 438. Neither the Federal and State Constitutions nor fundamental justice require this otherwise valid search and seizure to be set aside.

*83 II
Defendant contends that certain volunteered answers given by two police officers by innuendo informed the jury of his prior criminal difficulties. At the outset we point out that when the alleged offensive answers were given the court immediately struck them and charged the jury to disregard them. No motion was made for a mistrial. We have examined the record and find no prejudicial error in this regard. State v. Layton, 103 N.J. Super. 470 (App. Div. 1968), certif. den. 53 N.J. 351 (1969).

III
Defendant contends he was prejudiced by an improper comment made by the assistant prosecutor. At the conclusion of the State's proofs the following exchange took place:
MR. FRANCIS: Your Honor, I have no further witnesses. The additional two men who were in this particular apartment would only be repetitive of the testimony developed. However, in resting I will make these witnesses available to the defendant.
MR. GROSSMAN: Your Honor, I don't think it is necessary for the prosecutor to make a speech to the Court. If he wants to call them as his witnesses, let him call them as his witnesses.
THE COURT: Well, he indicated to the Court that he has no need for them as their testimony would only be cumulative.
MR. GROSSMAN: It's for the jury to conclude, your Honor, not on his representation that they would testify the same way.
Considering this exchange in context of the discussion, no prejudicial error occurred warranting a new trial. State v. Hipplewith, 33 N.J. 300, 320 (1960).

IV
Finally, defendant contends it was plain error for the court to recall the jury on his own initiative after they had been deliberating for about five hours and give them a so-called "Allen charge." We have carefully reviewed this *84 supplemental charge and find it fully comported with the mandate in State v. Williams, 39 N.J. 471, 484 (1963), cert. den. 374 U.S. 855, 83 S.Ct. 1924, 10 L.Ed.2d 1075 (1963). There was no error, let alone plain error.
Considering the record as a whole, we are satisfied defendant received a fair trial.
Affirmed.