CASE OF THE CHINESE WIFE.

*In re* AH MOY, on *Habeas Corpus.*

(*Circuit Court, D. California.* September 29, 1884.)

CHINESE IMMIGRATION—BAILING REMANDED PRISONER.

> When a Chinese person, after final hearing on *habeas corpus*, has been remanded to the marshal to be deported from the United States upon the vessel by which she was brought to this country, and such vessel has departed, she cannot be admitted to bail upon a recognizance that she will appear when a vessel is ready to depart. Per FIELD, Justice; SAWYER, HOFFMAN, and SABIN, JJ., dissenting.

Application to Allow Prisoner Remanded to Give Bail.

*T. D. Riordan* and *L. I. Mowry*, for petitioner.

*S. G. Hilborn*, U. S. Atty., and *Carroll Cook*, Asst. U. S. Atty., for the United States.

Before FIELD, Justice, and SAWYER, HOFFMAN, and SABIN, JJ.

FIELD, Justice. In this case Ah Moy was remanded to the custody of the marshal, to be deported from the United States upon the vessel by which she was brought to the port of San Francisco, or some other vessel of the steam-ship company. It appears from the statement of her counsel that the vessel in which she was brought has departed, and that no other vessel of the company will leave this port

under two weeks. He therefore asks that, in the mean time, she may be admitted to bail, upon a recognizance that she will appear when the vessel is ready to depart. The application cannot be granted. According to our decision, the petitioner was, under the law, prohibited from landing. We have no authority to allow this law to be evaded upon any conditions. We cannot say she shall be allowed to land for 15 days, upon giving bail for her appearance at the end of that time, without a violation of its provisions. Application denied.

SAWYER, J., *dissenting.*[1] Ah Moy, the wife of a Chinese laborer, came from China on the steam-ship City of Tokio, with her husband, who was entitled to re-enter the United States and was permitted to land. The wife, who had never been in the country before, was not permitted to land, and was, consequently, detained on the ship by the master. A writ of *habeas corpus* having been obtained, she was produced in court upon the return of the writ, and by the court admitted to bail pending the proceeding to determine whether or not she was entitled to land. Upon the final hearing the question arising under the restriction act was determined against her, and she was remanded to be retransported to China, and ordered into the custody of the marshal for the purpose of returning her to the custody whence she had been temporarily taken under the writ for the purposes of the inquiry as to her rights. Upon attempting to execute the order to remand petitioner it was found that the ship on which she came had departed on her regular voyage, and would not return for several weeks, and that no other steamer belonging to the same company would depart for 15 days. The agents of the ship refused to receive her till a ship should be ready to leave for China. There was no other ship of any line that would depart for several days. The marshal, upon this state of facts, confined the petitioner in the county jail for safe-keeping until he could execute the order, and thereupon she makes this application to be admitted to bail pending the delay thus necessarily and unavoidably occurring. A final order remanding the petitioner having been made, and she being in custody for the purpose of executing the order, and there being no appeal, the circuit justice is of the opinion that the court has no further jurisdiction or power to admit her to bail, and that she must continue in the custody of the marshal till the order remanding her can be fully executed. From this ruling I am compelled to dissent.

When the body of a petitioner is produced in court, on the return to a writ of *habeas corpus*, the petitioner is in the control of the court. Pending the proceeding to determine her rights the court can temporarily and provisionally commit the petitioner to the party detaining her, if deemed safe and proper to do so, or may commit her to the custody of the marshal, or may admit her to bail. In either

[1] HOFFMAN and SABIN, JJ., who sat as consulting judges, concurred in the dissenting opinion of the circuit judge.

case she is in the custody of the law. When an order to remand has been made, and the petitioner placed in the custody of the marshal for the purpose of executing the order to remand, she is still in the custody of the law, and under the control of the court till the order to remand has been finally executed. The marshal is but the executive arm of the court, and while the petitioner is still in his custody, by reason of the order to remand not having been fully carried out, both she and the marshal are under the control of the court; and the court, in my judgment, has jurisdiction and authority to admit to bail during any further necessary detention or any unavoidable delay which prevents an immediate execution of the order to remand. In my judgment, the admission to bail under such circumstances and for such purposes would not, in contemplation of law, be a landing of the petitioner contrary to the provisions of the Chinese restriction act. As was said in the *Case of Ah Kee, ante,* 701, recently decided, while provisionally taken into the custody of the court, and temporarily removed from the ship in order that she may not be carried away pending the proceedings to determine the legality of her detention, in contemplation of law she has not been landed. This being so, she cannot be deemed to have been landed till the court has divested itself of its custody and control of her person by either discharging her altogether or fully executing the order to remand her. She is still in the custody and control of the law while lawfully on bail. I therefore dissent from the order denying bail.

Conceding the power of the court to admit the applicant to bail under the circumstances stated, I think it would be a great hardship, not to say a gross violation of her personal rights, to refuse it upon security satisfactory to the court. I think she should be admitted to bail. But the statute expressly provides, in case of an opposition of opinion between the judges, that a judgment or order shall be made in accordance with the views of the presiding judge. The opinion of the presiding justice must therefore prevail, till the question shall be finally decided by the supreme court on the certificate of opposition of opinion certified to it by the disagreeing judges for that purpose.