In re LUM POY et al.

(Circuit Court, D. Montana. March 23, 1904.)

1. CHINESE EXCLUSION—ARREST FOR DEPORTATION—BAIL.

A Chinese person arrested in this country for deportation under the exclusion acts may be admitted to bail by a district court or judge pending his hearing before the commissioner.

Habeas Corpus. Application for admission to bail.

Sanders & Sanders, for petitioners.

Carl Rasch, U. S. Atty.

KNOWLES, District Judge. Lum Poy, alias Charlie Lum, and Leong Quen, two Chinese persons, were arrested under warrants issued upon complaints charging them with being unlawfully within the United States, in violation of the Chinese exclusion acts and the amendments thereto. They were taken before Edward C. Russell, one of the United States Commissioners for this district, arraigned, and committed to the custody of the marshal pending an investigation into the truth of the charge pending against them. They each applied to said commissioner to be released upon bail pending the in-

¶ 1. Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

See Aliens, vol. 2, Cent. Dig. § 94.

vestigation, and said application was refused by the commissioner, whereupon they separately filed their petitions for this writ. The writ was issued, and they were brought before me to determine the question of their right to be admitted to bail pending an inquiry as to the lawfulness of their residence within the United States. The question involved being the same in both cases, I have concluded to decide them together.

Heretofore I have been of the opinion that the court or judge had no power to admit a Chinese person to bail under circumstances as are presented here. I have been of the opinion that it requires some positive provision of law to authorize admission to bail in proceedings under the Chinese exclusion acts.

In Re Carrier (D. C.) 57 Fed. 578, the defendant was arrested and detained as a fugitive from justice under extradition proceedings. He made application to be admitted to bail pending the investigation. Judge Hallett said:

"The matter of bail is not a question of practice. Since the time of Edward I it has been regulated by statute, and in our day bail is not allowed in any case except in pursuance of some statute."

In Wright v. Henkel, 190 U. S. 40, 23 Sup. Ct. 781, 47 L. Ed. 948— a case on appeal from a decision of the United States Circuit Court for the Southern District of New York—the court below entertained the same opinion and views. It has been held that an inquiry as to whether a Chinese person is unlawfully within the United States, and his detention pending an investigation as to this, is a civil proceeding, and hence the provisions of the Constitution of the United States and of the common and statute law as to enlargement on bail in criminal cases do not apply; but in the case of Wright v. Henkel, supra, the Supreme Court said:

"We are unwilling to hold that the Circuit Courts possess no power in respect to admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief."

While this case does not decide the question as to whether a party should be admitted to bail in cases where there is no statutory authority for the same, it does leave the question in doubt. I am informed that the practice in California, Idaho, and Oregon has been and is to admit Chinese persons to bail pending an investigation into the lawfulness of their residence within the United States, and before any order for deportation has been made. I find, also, that there are decisions of the federal courts which support this practice. In Re Ah Kee (C. C.) 21 Fed. 701, Re Ah Moy (C. C.) 21 Fed. 785, 809, Re Cheen Heong (C. C.) 21 Fed. 791, the question was presented as to the right of a Chinese person to be admitted to bail pending an investigation as to whether he had a right to land from a vessel in a port of the United States. Justice Field, who decided the cases in his capacity of Circuit Justice assigned to the Ninth Judicial Circuit, entertained the view that there was no such right to be so admitted to bail. Judges Sawyer, Hoffman, and Sabin dissented from this

view, and expressed their views in exhaustive opinions filed in these cases. These rulings were made in 1884. In the year 1892 Congress enacted a statute providing that Chinese persons seeking to land in the United States could not make application to any judge or court of the United States in the first instance for a writ of habeas corpus for the purpose of being admitted to bail. Act May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319]. The case here presented is different from that presented by this act of 1892. Here Chinese persons have landed and are living within the United States, and the question is as to whether they shall be deported therefrom to the country from whence they came. In Re Ah Tai (D. C.) 125 Fed. 795, Judge Lowell held that a Chinese person is admissible to bail until a final order for his deportation has been made and entered.

It seems to me that in some cases there would be a great hardship in refusing bail to a Chinese person arrested on a charge of being unlawfully within this country. In one of the cases at bar one of the accused persons claims that he was born in the United States, and that he could produce evidence of that fact; but, unless allowed to go to the place of his nativity, he cannot obtain the necessary evidence to prove the facts, and that he has not the means of obtaining or compelling the attendance of the necessary witnesses to establish it. Thus, if restrained of his liberty, and detained in the custody of the marshal of this district until the day set for the hearing of his case before the proper commissioner, the door would be closed to his ever securing his liberty of residence in the country of his birth, no matter how meritorious his claim might be shown to be.

Considering the practice of the federal courts outside of the District of Montana upon this subject, and upon consideration of the hardship presented by these cases, I have concluded to recede from my former position, and to order that these petitioners be admitted to bail pending the investigation of the charge against them before Commissioner Russell.

It is therefore ordered that Lum Poy, alias Charlie Lum, and Leong Quen be admitted to bail in the sum of $500 each pending the hearing and determination of the charge against them.