In re CHIN WAH.

(District Court, D. Oregon. October 17, 1910.)

No. 5,253.

1. ALIENS (§ 32*)—CHINESE EXCLUSION PROCEEDINGS—NATURE.

Proceedings for the exclusion of Chinese, authorized by the exclusion act (Act May 5, 1892, c. 60, § 6, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320]), though providing for the arrest, trial, and deportation of Chinese found unlawfully within the country, are not criminal proceedings.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. § 32.*

Nature and form of actions, whether civil or criminal, see note to United States v. Atlantic Coast Line R. Co., 98 C. C. A. 117.]

2. JURY (§ 19*)—SEARCHES AND SEIZURES (§ 7*)—CRIMINAL LAW (§ 1213*)—CONSTITUTIONAL LAW (§ 318*)—BAIL (§ 42*)—EXCLUSION—CHINESE—PROCEEDINGS—CONSTITUTIONAL AND STATUTORY PROVISIONS.

The constitutional and statutory provisions guaranteeing trial by jury, prohibiting unlawful seizure and search, cruel and inhuman punishment, and the deprivation of life, limb, or property without due process of law, and regulating the admission to bail in criminal cases, have no application to Chinese exclusion proceedings.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19;* Searches and Seizures, Cent. Dig. § 5; Dec. Dig. § 7;* Criminal Law, Cent. Dig. §§ 3304–3309; Dec. Dig. § 1213;* Constitutional Law, Cent. Dig. § 949; Dec. Dig. § 318;* Bail, Cent. Dig. § 139; Dec. Dig. § 42.*]

3. ALIENS (§ 32*)—CHINESE EXCLUSION PROCEEDINGS—BAIL—AUTHORITY TO GRANT.

Where proceedings are instituted for the deportation of an alleged Chinese alien, after he has been allowed to enter and is domiciled within the country, a federal court, having jurisdiction of proceedings to deter-

mine the validity of proceedings for his deportation, has inherent authority to admit him to bail pending such determination.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. § 32.*]

4. ALIENS (§ 32*)—CHINESE DEPORTATION PROCEEDINGS—RIGHT TO BAIL.

Where an alleged Chinese alien, domiciled in the United States, is arrested in deportation proceedings, he is not entitled to bail as of right, but only in the discretion of the court, to be exercised with reference to the facts of the particular case.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. § 32.*]

Petition by Chin Wah for admission to bail pending deportation proceedings. Denied.

Roger B. Sinnott and William W. Banks, for petitioner.

Walter H. Evans, Asst. U. S. Atty.

BEAN, District Judge. Chin Wah was arrested for deportation, charged with being a Chinese laborer in the United States without a certificate of residence or other document entitling him to remain, in violation of the Exclusion Act of May 5, 1892 (Act May 5, 1892, c. 60, § 6, 27 Stat. 25), as amended (Act Nov. 3, 1893, c. 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1320]). After hearing before a commissioner he was ordered deported and has appealed to this court. He moves to be admitted to bail pending the hearing.

The district attorney's office objects to the allowance of the motion on the ground that the court has no power to admit to bail a Chinese arrested for deportation, charged with being in the country without the required certificate. There is no statutory law regulating the practice in this regard. The proceeding authorized by section 6 of the exclusion act for the arrest, trial, and deportation of Chinese found in this country without the necessary certificate, is in no proper sense a criminal proceeding, but is merely an appropriate and lawful means of ascertaining the facts whether the conditions exist upon which Congress has enacted that an alien of this class may remain in this country.

The constitutional and statutory provisions guaranteeing the right of trial by jury, prohibiting unlawful seizure and search, cruel and inhuman punishment, the deprivation of life, limb or property without due process of law, and regulating the admission to bail in criminal cases, have no application to such a proceeding. Fong Yui Ting v. U. S., Wong Quan v. U. S., and Lee Joe v. U. S., 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905.

Neither do the provisions of sections 942 to 945, Revised Statutes (pages 693 and 694, U. S. Comp. St. 1901), regulating bail in civil cases, have little or any apparent direct application. The proceedings for the deportation of Chinese are sui generis. They are authoritatively declared not to be criminal, yet in many of their features they closely resemble criminal proceedings. They are initiated by the arrest of the accused. He is restrained of his liberty under a warrant authorizing the seizure of his person and his confinement in prison in advance of a hearing or an opportunity to meet the charge against him in a judicial tribunal prior to his arrest. Unless he can show that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

he has complied with the law, he is punished by being banished or deported and forcibly removed from the country. In these particulars at least the proceedings are quite analogous to a criminal action, and of as great and in many instances greater importance to the defendant. In my judgment a tribunal which has authority to hear and determine a charge of such moment has the inherent power, unless prohibited by statute, to admit the accused to bail pending his examination. The power to bail in such a case is inherent, and incident to the power to hear and determine. 3 A. & E. Enc. 691; cases cited by counsel; Wright v. Henkel, 190 U. S. 40–51, 23 Sup. Ct. 781, 47 L. Ed. 948. It logically follows, from its power to hear and discharge on final hearing, that the court has power to grant a temporary discharge on bail pending such hearing. By the arrest the alleged offender is brought under the jurisdiction and control of the court, and, as stated by Judge Sawyer, pending the proceedings to determine his rights, it can temporarily and provisionally commit him to the custody of the marshal or admit him to bail. In re Ah Moy (C. C.) 21 Fed. 808.

Such has been the practice of this court and of the courts generally, so far as I am advised, ever since the passage of the first exclusion act, except in the case of Chinese seeking to land and after a final order of deportation, in which cases bail is prohibited by statute. No adjudicated case has been called to my attention in which the question here presented has arisen, holding that the court has no power to admit to bail. On the contrary, Judge Lowell, of Massachusetts, and Judge Knowles, of Montana, have both held in well-considered opinions, in the reasoning of which I fully concur, that such power does exist. In re Ah Tai (D. C.) 125 Fed. 795; In re Lum Poy (C. C.) 128 Fed. 974. To refuse bail would, in some instances, operate as a substantial denial of justice. Every Chinese person found in this country without the certificate required by law is not liable to deportation. One born here does not come within the terms of the exclusion act, and is not required to have the certificate therein provided. If such a person should be summarily arrested for deportation at a place distant from his birth and among strangers, it would be difficult, if not impossible, for him to produce evidence necessary to establish his right to remain, unless he could be permitted to go on bail pending his hearing. A doctrine which might result in such a manifest hardship to a native-born citizen is so abhorrent to our sense of justice and so contrary to the spirit of our institutions that it should not meet with the approval of, or be enforced by, the courts in the absence of some positive law or authoritative decision requiring it.

Moreover, the right of the court to admit to bail pending the hearing of a Chinese arrested for deportation, in the absence of a statute prohibiting it, is, in my judgment, recognized by the exclusion act and the several amendments thereto. Prior to 1892 it was a common practice, when a Chinese person, seeking admission, but denied the right to land, was brought before a court under a writ of habeas corpus, for the court to admit him to bail pending the hearing. In re Ah Kee (C. C.) 21 Fed. 701. In 1892 Congress, with knowledge of this practice, extended and amended the exclusion act, and provided that on an

application for a writ of habeas corpus by a Chinese, seeking to be admitted to this country, no bail should be allowed. 27 Stat. 25. The law under which it is sought to deport the defendant is a part of the same act. It requires all Chinese laborers within the limits of the United States at the time of its passage, and who were entitled to remain, to obtain from the collector of internal revenue a certificate of residence, and provides for the arrest and deportation of a laborer to whom a certificate has not been issued, unless he can establish clearly to the satisfaction of the court that, by reason of accident, etc., he has been unable to procure it, and by at least one credible white witness that he was a resident at the time of the passage of the act. No provision, however, is made in this section, that a Chinese arrested for a violation thereof shall not be admitted to bail; Congress thus making a distinction in this regard between the case of a Chinese seeking to enter this country and one already "domiciled" here, who is arrested for deportation. In the one case, bail is to be denied, and in the other the legislation is silent, and the practice of the courts not disturbed at the time.

Again, it was a disputed question as to whether the courts had power to admit a Chinaman to bail who had been ordered deported, pending execution of the order. In re Ah Moy (C. C.) 21 Fed. 808. In 1893 Congress amended the exclusion act, and, among other things, provided that, pending the execution of an order of deportation, bail should not be allowed. It therefore had before it in the two instances referred to the question of bail in cases arising under the exclusion act, with knowledge of the prevailing practice of the courts, and prohibited it in case of Chinese seeking to enter the country and after a final order of deportation, but has said nothing about bail in other cases. If it had intended that bail should not be allowed in any case, it would no doubt have so declared, and not confined the prohibition to cases where a Chinese was seeking admission, or, after a full hearing, had been ordered deported.

I conclude, therefore, that the court has power to admit to bail in cases like the one now under consideration, pending the hearing. But bail is not a matter of right. It is a discretionary power, to be exercised with reference to the facts of each particular case. U. S. v. Hudson, 65 Fed. 68. If it appears reasonably probable that bail is desired for a wrongful purpose, or that by allowing it the exclusion act will be evaded, it ought to be refused. If, on the other hand, the application is in good faith, in the interest of justice and right, it should be allowed.

In this case, no showing is made in support of the application. The reluctance of the accused to proceed to a hearing, and other circumstances surrounding the case, impel me to deny the motion. The case can be entered for an early trial.