UNITED STATES v. YEE YET et al.

UNITED STATES v. YEE KEE GUEY et al.

(District Court, D. New Jersey. November 13, 1911.)

1. ALIENS (§ 32*)—CHINESE LABORERS—DEPORTATION PROCEEDINGS—BAIL—POWER TO GRANT.

Though Chinese Exclusion Act May 5, 1892, c. 60, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1319), as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 (U. S. Comp. St. 1901, p. 1322), does not specifically authorize admission to bail of one ordered deported pending an appeal from the order of deportation, such bail may be granted in the sound discretion of the court.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—CHINESE LABORERS—DEPORTATION PROCEEDINGS—BAIL—POWER TO GRANT—"ORDER OF DEPORTATION."

The requirement of Chinese Exclusion Act May 5, 1892, c. 60, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1319), as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 (U. S. Comp. St. 1901, p. 1322), that an order of deportation be executed by the marshal, and that the person to be deported shall not be admitted to bail, refers to the final order of deportation, and does not prohibit bail pending an appeal.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

3. ALIENS (§ 32*)—CHINESE LABORERS—DEPORTATION PROCEEDINGS—BAIL—POWER TO GRANT.

If necessary, a bail bond given in a deportation proceeding under Chinese Exclusion Act May 5, 1892, c. 60, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1319), as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 (U. S. Comp. St. 1901, p. 1322), pending an appeal from an order of deportation, should be treated as voluntary and enforceable, though not authorized by law, since it does not violate any statute, and is not contrary to public policy or otherwise illegal.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

192 F.—37

Actions by the United States of America against Yee Yet and another, and against Yee Kee Guey and another. On demurrers to amended declarations. Demurrers overruled.

Walter H. Bacon, Asst. U. S. Dist. Atty.

Gilbert Collins, for demurrants.

CROSS, District Judge. [1] The amended declarations in the above cases, which.have been demurred to, are in all respects alike, except as to the name of the first or principal defendant, and the dates of the orders of deportation. The suits were instituted on bail bonds given by the respective defendants in the District Court of the United States for the Western District of New York. The declarations are complete in their recitals and allegations, and are not claimed to be defective in form. Briefly stated and treating them together, they show that the principal defendants in each case, being Chinese laborers, were arrested for being in the United States contrary to the acts known as the "Chinese Exclusion Acts"; that they were thereupon arrested and taken before a United States commissioner, .who, after a hearing, held that they were unlawfully in the United States, and ordered them deported; that an appeal was duly taken from. his order to Judge Hazel of the United States District Court for the Western District of New York, who, upon a hearing de novo, affirmed the orders of the commissioner and ordered them deported; that from the last-mentioned orders appeals were duly taken and allowed by Judge Hazel to the United States Circuit Court of Appeals for the Second Circuit; that Judge Hazel, furthermore, upon the application of the respective appellants, did, by special orders, stay the orders of deportation made by him, and did admit the appellants to bail pending the hearing and determination of their appeals, which it is further alleged were subsequently heard by the Court of Appeals, and the judgments of the court below directing the deportation of the appellants affirmed; that the said appellants, however, failed to appear when and as required by the conditions of their respective bonds, whereby the conditions thereof were broken.

The following specific grounds of demurrers are assigned in each case:

"(1) There was, at the date thereof, no authority in law for the taking of the supposed writing obligatory on which the declaration is founded.

"(2) Such supposed writing obligatory was without consideration and void.

"(3) The release of Yee Kee Guey from custody pending appeal to the United States Circuit Court of Appeals for the Second Circuit, as recited in said declaration, was contrary to public policy as declared by the act of Congress entitled, 'An act to prohibit the coming of Chinese persons into the United States,' approved May 5, 1892 (27 Stat. L. p. 25), and the amendment thereto approved November 3, 1893 (28 Stat. L. p. 7); and said supposed writing obligatory was therefore void.

"(4) Said act of Congress amended as aforesaid provides that an order of deportation. made thereon shall be executed by the United States marshal of the district within which such order is made, and that he shall execute same with all convenient dispatch; and that pending the execution of such order the Chinese person therein ordered to be deported shall remain in the custody of the United States marshal, and shall not be admitted to bail. The said supposed writing obligatory was in the nature of bail, and was therefore void."

An examination of the Chinese exclusion act and its amendments shows that there is no specific authority for admitting to bail a Chinese person who has taken an appeal from an order of the District Judge for his deportation, and yet such appeals have been taken to and heard and determined by different courts of appeals, for instance, by the Third Circuit Court of Appeals, in the case of Toy Tong et al. v. United States, 146 Fed. 343, 76 C. C. A. 621, by the Second Circuit Court of Appeals in Re Yee King et al. v. United States, 179 Fed. 368, 102 C. C. A. 646, and by the Circuit Court of Appeals for the Fifth Circuit in Re Gee Cue Beng v. United States, 184 Fed. 383, 106 C. C. A. 493. See, also, In re United States, 194 U. S. 194, 24 Sup. Ct. 629, 48 L. Ed. 931. Furthermore, it has been the practice in this circuit pending such an appeal to admit the appellant to bail, and from the opinions in Re Ah Tai (D. C.) 125 Fed. 795, and in Re Lum Poy et al. (C. C.) 128 Fed. 974, a like practice appears to have been followed upon appeals taken from the order of a commissioner to the District Court in the states of New York, Massachusetts, Vermont. California, Idaho, Oregon, and Montana. While it is true, as stated, that the above cases relate to the allowance of bail upon an appeal from an order of deportation made by a United States commissioner to the District Court, and not from an order of that court to the Circuit Court of Appeals, still in principle they are the same. There is no express statutory authority for the allowance of bail in either case. Hence, if it is allowable in the one, it would seem to be in the other. Under the authority of United States v. Fah Chung (D. C.) 132 Fed. 109, In re Ah Tai (D. C.) 125 Fed. 795, In re Lum Poy et al. (C. C.) 128 Fed. 974, In re Chin Wah (D. C.) 182 Fed. 256, and, further, in view of the practice which has so generally obtained in like cases, I feel constrained to uphold these bonds and overrule the demurrers. It is not to be inferred, however, from that remark, that I do not agree with those decisions. I think they are right, and that the question of admitting to bail a Chinese person ordered deported pending an appeal from the order of deportation rests in the sound discretion of the court.

[2] The fourth cause of demurrer refers to a provision of the statute which manifestly relates to a *final* order of deportation, otherwise the marshal would be required to execute, with all convenient dispatch, an order of deportation made by a commissioner, notwithstanding the act gives an appeal from such order to the District Court.

[3] Moreover, the bonds under consideration were given pursuant to an order of the court, were approved by it, and there was abundant consideration to support them. Such consideration may be found in the freedom from detention thereby purchased for the principal obligors. They are the solemn obligations of the respective parties given to the United States in proceedings of which one of its courts had jurisdiction. Their execution and acceptance by the court purchased at least temporary immunity from arrest for the principal obligors, and under the circumstances the defendants will not now be allowed to gainsay their act. The bonds should, if necessary, be treated as voluntary, and the several contracts therein entered into between

the United States and the respective defendants upheld and enforced, since they are not violative of any statute, contrary to public policy, or otherwise illegal.

The demurrers will be overruled with costs, and the defendants allowed 15 days in which to plead.