### Ex parte DOMINGO CORYPUS.

(District Court, W. D. Washington, N. D. February 18, 1925.)

No. 9180.

**1. Aliens 32(4)—Excluded Chinese, petitioner for habeas corpus, not entitled to bail before hearing.**

Under Chinese Exclusion Act May 5, 1892, § 5 (Comp. St. § 4319), providing that, on application for writ of habeas corpus by a Chinese person denied entry, no bail shall be allowed "in the first instance," the court is without power to admit to bail in advance of the hearing, but after a decision in his favor it may admit petitioner to bail pending any further proceedings.

**2. Aliens 31—"Exclusion" and "deportation" distinguished.**

"Deportation," as distinguished from "exclusion," is depriving a person already in the United States of a privilege which he, at least at the time, is enjoying; whereas "exclusion" is denial of entry, and does not deprive one of any liberties he had theretofore enjoyed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deportation; Exclusion.]

Habeas Corpus. Petition of Domingo Corypus for writ of habeas corpus. On application of petitioner for enlargement on bail. Denied.

John J. Sullivan, of Seattle, Wash., for petitioner.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. The petitioner was denied the privilege of landing in the United States on the ground that he is excluded by reason of Chinese descent. He prosecutes appeal, pending which he seeks to be enlarged on bail.

Section 5, Act May 5, 1892 (section 4319, Comp. St.), provides that a Chinese to whom the privilege of landing has been denied may not be enlarged on bail in the first instance on application to any judge or court of the United States. The first instance may be considered first presentation or proceeding leading up to and consideration of the answer to the writ. A number of cases are cited to the effect that enlarging on bail is a matter of discretion, at least after the hearing and determination of the right on the writ. All the cases presented, I think, are deportation cases.

[1, 2] There is a distinction between "exclusion" and "deportation." Deporting a person who is already in the country, and therefore enlarged, is depriving him of a privilege which he, at least at the time, is enjoying in the United States; whereas a person being denied the privilege to enter is not deprived of any liberties which he had theretofore enjoyed. The gate is simply closed and he may not enter. If, upon the hearing, the court should determine that the petitioner is entitled to enter, then it is decreed that he is denied a privilege which the statute extends, and a right which he is entitled to enjoy, and if the denial of the privilege should be continued by the department by appeal, the discretion of the court may then be consistently invoked in his favor. Such undoubtedly was the intent of this section of the statute. "In the first instance" bail is denied, because the court is not advised. If, upon the hearing, the court concludes the privilege to enter was rightfully denied, then the court should not arbitrarily, in contravention of such holding, open the gate and unlawfully permit the petitioner to enjoy the privilege which the court said was rightfully denied. The purpose of bail is to continue a status quo until the tendered issue is concluded, and the denial of bail where the privilege is withheld maintains a status quo; whereas a denial of bail to a person within the country and sought to be deported deprives him of a privilege and liberty which he had theretofore enjoyed. The bail privilege should be in harmony with the adjudicated right having relation to the status of the party as to exclusion or deportation.

Application denied. The cases cited are noted in the margin.[1]

---

[1] Authorities cited by petitioner: Chin Wah v. Colwell, 187 F. 592, 109 C. C. A. 422; In re Ah Tai (D. C.) 125 F. 795; In re Mrs. Gue Lim, 176 U. S. 459, 20 S. Ct. 415, 44 L. Ed. 544; Wright v. Henkel, 190 U. S. 40, 23 S. Ct. 781, 47 L. Ed. 948; U. S. v. Yee Yet et al. (D. C.) 192 F. 577; U. S. v. Fah Chung (D. C.) 132 F. 109.