YORK ex rel. DAVIDESCU v. NICOLLS, District Director of Immigration and Naturalization.

YORK ex rel. RUBINFELD v. SAME.

Misc. Civil Actions Nos. 7214, 7215.

District Court, D. Massachusetts.

Aug. 13, 1946.

Ada F. York and Alfred A. Albert, both of Boston, Mass., and Edwin S. Newman, of New York City, for petitioners.

Gerald J. McCarthy, Asst. U. S. Atty., of Boston, Mass., for respondent.

SWEENEY, District Judge.

These two petitions for writs of habeas corpus were heard together and are sufficiently similar to be disposed of in one opinion.

Davidescu is a native and citizen of Roumania; Rubinfeld is a native and citizen of Poland. Both arrived in this country as stowaways aboard the S. S. Smith Victory on November 5, 1945, and neither possessed immigration visas or passports. On November 7, 1945, the Board of Special Inquiry at Boston excluded these petitioners from admission to the United States because they were stowaways and did not possess visas or passports. The Board of Immigration Appeals affirmed that exclusion order. Because the appellate decision was not unanimous, the cases were certified to the Attorney General who confirmed the order of exclusion but granted these petitioners the right to reapply for admission within a year "when in possession of appropriate immigration visas."

The petitioners assert that they have been denied the equal protection of the laws guaranteed by the Fourteenth Amendment because they have been excluded under circumstances which they claim are identical with those of other stowaways who have been admitted. They cite Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, in support of their claim. I cannot see any merit to this contention. Even if we are to assume that the cases are identical in all respects, there is no claim made of class discrimination, and the mere failure to exercise favorably a discretionary power in one case and to do so in another at a different time does not constitute a violation of any constitutional right.

The petitioners also urge that the Attorney General has adopted a policy of

mandatory exclusion in all refugee stowaway cases, and that the adoption of such a policy operates to foreclose the discretionary power with which he is clothed to make exceptions in favor of some stowaways. In asserting that the Attorney General has adopted such a policy, the petitioners point to three principal facts: The first is that certain stowaways were admitted in August of 1945 and these petitioners were excluded in November of 1945; they next point to the fact that one immigration official recommended parole where others recommended no parole; they also point to the fact that, in June of this year, the Attorney General made recommendations to the Congress which, if followed, would have taken away such discretionary power as now exists and would have excluded all stowaways.

I cannot find that the Attorney General has adopted the fixed policy as asserted, but even if he had adopted a policy of mandatory exclusion in all cases, there nevertheless still would remain in him the discretion to make exceptions to that policy. He meets the requirements of the law when he passes upon the individual cases. The evidence in these cases shows that this matter was referred to the Attorney General on a memorandum and that he considered and personally signed the order confirming the lower exclusion orders. I cannot find that the Attorney General has failed to exercise his discretion in this case, and I cannot find that his failure to exercise his discretion favorably to these petitioners amounts to an abuse of discretion. They have had full hearings, none of which were conducted in an arbitrary or capricious manner, and the conclusions reached by the Board of Special Inquiry and the Board of Immigration Appeals were supported by the evidence. However unfortunate their position may be, they must nevertheless be returned to Europe where their situation will be similar to thousands upon thousands of their countrymen who are seeking entry into the United States in a lawful manner.

The writs of habeas corpus are to be discharged and the prisoners remanded to the custody of the Commissioner of Immigration.