**147**

**YORK ex rel. DAVIDESCU v. NICOLLS, District Director of Immigration, etc.**

**YORK ex rel. RUBINFELD v. SAME.**

**Nos. 4225, 4226.**

Circuit Court of Appeals, First Circuit.

Jan. 10, 1947.

Orders denying applications for bail.

Ada F. York, of Boston, Mass., for petitioners.

Gerald J. McCarthy, Asst. U. S. Atty., of Boston, Mass. (George F. Garrity, U. S. Atty., of Boston, Mass., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

Davidescu and Rubinfeld filed in the court below petitions for writs of habeas corpus against the District Director of Immigration and Naturalization. The district court directed the writs to issue, and after return and hearing thereon entered orders in D.C.Mass., 66 F.Supp. 747, discharging the writs and remanding the petitioners to the custody of the respondent. Appeals were taken from these orders and are now pending in this court.

After the notices of appeal were filed, Davidescu and Rubinfeld applied to the district court to be admitted to bail pending disposition of the appeals. The applications were denied by orders entered December 20, 1946, whereupon each appellant applied to this court to be enlarged on bail pending appeal. We are obliged to deny the applications.

Admittance to bail pending appeal in habeas corpus cases is governed by Rule 45 of the Rules of the Supreme Court, 28 U.S.C.A. following section 354, promulgated pursuant to specific statutory authority of R.S. § 765, 28 U.S.C.A. § 464. Since in each of the present cases the district court issued the writ and thereafter discharged it, the applicable provision of Rule 45 is paragraph 2 thereof, reading as follows (306 U.S. 724):

"Pending review of a decision discharging a writ of habeas corpus after it has been issued, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, or enlarged upon recognizance with surety, as to the court or judge rendering the decision may appear fitting

148

in the circumstances of the particular case."

It will be noted that by this rule discretion to admit to bail pending appeal is vested in "the court or judge rendering the decision" discharging the writ. Neither the circuit court of appeals nor a judge thereof is given independent authority to admit to bail. United States ex rel. Thomas v. Day, 1928, 2 Cir., 29 F.2d 485, 487. Possibly the orders of the district court in these cases, entered December 20, 1946, denying bail pending appeal, would be appealable—this we are not now required to consider—but if such orders are appealable, the scope of review would be limited to the narrow question whether the court below abused its discretion by refusing bail in the particular circumstances.

We refer briefly to several cases cited by counsel for appellants.

In Principe v. Ault, 1945, D.C.N.D. Ohio, 62 F.Supp. 279, the district court admitted the petitioner to bail pending its hearing on a writ of habeas corpus. There being no provision of statute or rule of the Supreme Court governing bail in such situation, the question was whether the district court had implied or inherent power to admit to bail as incident to its jurisdiction to hear the habeas corpus case. There is a conflict of authority on this point, as the cases cited in the court's opinion indicate. That case is not in point because, in the situation now before us, Rule 45 vests discretion as to bail in the district court, and that court's order respecting custody or enlargement covers the period of review in the circuit court of appeals. In re Ah Tai, 1903, D.C.D. Mass., 125 F. 795, and United States v. Yee Yet, 1911, D.C.D.N.J., 192 F. 577, are distinguishable on a similar ground; incidentally, neither of those cases was a habeas corpus case. In Petition of Brooks, 1925, D.C.D.Mass., 5 F.2d 238, a petitioner was held to be entitled to discharge upon habeas corpus, but there was presented no question of bail either pending hearing in the district court or pending appeal.

Orders will be entered denying the applications for bail.