17-3733-cv
*Trusted Media Brands, Inc. v. United States of America*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term 2017

No. 17-3733-cv

Trusted Media Brands, Inc., FKA The Readers Digest Association, Inc.,
*Plaintiff-Appellant,*

*v.*

United States of America,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of New York
Kenneth M. Karas, District Judge, Presiding.
(Argued: May 23, 2018; Decided: August 10, 2018)

Before:      Parker, Livingston, and Chin, *Circuit Judges.*

————

In 2011, taxpayer claimed a deduction for foreign taxes (in lieu of claiming a credit) on its amended 2002 tax return, resulting in a refund claim due to an alleged overpayment in its 1995 tax year. Taxpayer sought to utilize special ten-year statute of limitations of section 6511(d)(3)(A) of the Internal Revenue Code applicable to refund claims resulting from foreign tax credits, with such period running from its 2002 tax return. The United States District Court for the

Southern District of New York (Karas, *J.*) denied taxpayer's claim as untimely on two independent grounds. The District Court concluded that (1) the special ten-year statute of limitations for refund claims for foreign taxes applies only to credits and not deductions, and (2) taxpayer's overpayment claim for its 1995 tax year was not properly "attributable to" its 2002 tax year, and therefore, even if the ten-year limit were applicable, the claim (filed in December 2011) was untimely. *See Trusted Media Brands, Inc. v. United States*, No. 15-cv-9872, 2017 WL 4326527, at *8, *10 (S.D.N.Y. Sept. 27, 2017). We agree that the special ten-year statute of limitations for refund claims for foreign taxes applies only to credits and not deductions and, thus, taxpayer's refund claim is time-barred. Accordingly, we **AFFIRM** the judgment of the District Court.

————

DAVID B. BLAIR AND CLIFTON ELGARTEN, Crowell & Moring LLP, Washington, DC, *for Trusted Media Brands, Inc.*

TALIA KRAEMER AND BENJAMIN H. TORRANCE, Assistant U.S. Attorneys, for Geoffrey S. Berman, U.S. Attorney for the Southern District of New York, *for United States of America*

————

BARRINGTON D. PARKER, *Circuit Judge*:

This appeal calls upon us to decide whether section 6511(d)(3)(A) of the Internal Revenue Code of 1986 (the "Code")—which establishes an elongated ten-year limitations period on refund claims resulting from foreign tax credits—is also applicable to claims resulting from deductions for foreign taxes paid or accrued. Appellee Trusted Media Brands, Inc. seeks to avail itself of this special limitations period to assert a refund claim for an alleged overpayment of

federal income tax. In 2011, Trusted Media elected to claim a deduction for foreign taxes (instead of claiming a credit) on its amended 2002 tax return, triggering a daisy-chain of cascading adjustments, culminating in a refund claim for its 1995 tax year. In its claim with the Internal Revenue Service and before the District Court, Trusted Media argued that its refund claim (for its 1995 tax year) was timely because it was entitled to the benefit of a special ten-year limitations period attributable to foreign tax credits, running from its 2002 tax year, rather than the default three-year limitations period in section 6511(a) of the Code.

After the Internal Revenue Service denied Trusted Media's refund claim as untimely, Trusted Media initiated this action before the United States District Court for the Southern District of New York (Karas, *J.*). The District Court also rejected Trusted Media's claim as untimely on two independent grounds. First, it concluded that the special ten-year statute of limitations for refund claims in connection with foreign taxes applies only to credits and not deductions. Second, it concluded that Trusted Media's overpayment claim for its 1995 tax year was not properly "attributable to" taxes paid during its 2002 tax year. Therefore, it reasoned, even if the ten-year limit were applicable, the claim (filed in December

2011) was untimely. *See Trusted Media Brands, Inc. v. United States*, No. 15-cv-9872, 2017 WL 4326527, at *8, *10 (S.D.N.Y. Sept. 27, 2017).

We agree that the special ten-year statute of limitations in section 6511(d)(3)(A) of the Code for refund claims is applicable to foreign tax credits and not deductions, and thus Trusted Media's refund claim is untimely. Accordingly, we **AFFIRM** the judgment of the District Court.

## BACKGROUND[1]

In each of its tax years ending June 30, 1995, 1997, and 2002, Trusted Media paid taxes to foreign countries and opted to claim a foreign tax credit pursuant to section 901 of the Code on those returns. For its 2002 tax year, Trusted Media also incurred a net operating loss of approximately $61 million, unrelated to the payment of foreign taxes. Trusted Media had no U.S. tax liability to offset with the foreign tax credit that it claimed for its 2002 tax year. Consequently, at time of its 2002 filing, Trusted Media carried the 2002 net operating loss back to its 1997 tax year under the then-existing version of section 172(b)(1)(H) of the Code which allowed for a five-year carryback period. In December 2011, Trusted

---

[1] The following facts are taken from Trusted Media's complaint unless otherwise noted. "JA" refers to the parties' joint appendix.

4

Media filed an amended return for its 2002 tax year in which it changed its election from a foreign tax *credit* to a *deduction* for foreign taxes paid or accrued for the 2002 tax year. This change triggered a daisy-chain of adjustments to Trusted Media's returns from prior tax years.

First, this change resulted in Trusted Media's 2002 net operating loss increasing by approximately $13 million to $74.4 million. Trusted Media consequently carried this enlarged 2002 net operating loss to its 1997 tax year, reducing its taxable income for 1997. This decrease in Trusted Media's taxable income for 1997 resulted in a decrease of the statutory limit on foreign tax credit Trusted Media could claim, thus reducing the amount of foreign tax credit it could claim for 1997. As a result, some of the credit that Trusted Media had claimed in 1997 to reduce its U.S. tax liability could no longer be used to do so, but instead was available to be carried back to other tax years. Trusted Media then carried this excess foreign tax credit from its 1997 tax year back to its 1995 tax year. As a result, Trusted Media determined that it had an overpayment of approximately $2.1 million for the 1995 tax year.

In 2011, Trusted Media filed an amended tax return for the 1995 tax year to claim a refund for its alleged overpayment of the approximately $2.1 million. The IRS, however, disallowed Trusted Media's refund claim as untimely. After an administrative appeal, Trusted Media initiated this action in the District Court.

Trusted Media argued before the District Court that its claim for refund, filed in December 2011, for an overpayment of taxes in 1995, was "attributable" to its election to deduct foreign taxes paid in 2002 and, thus, was timely under the special ten-year limitations period in section 6511(d)(3) of the Code. The Government moved to dismiss Trusted Media's claim on the ground that it had failed to file a timely refund claim with the IRS.

The District Court agreed with the Government and held that Trusted Media's refund claim was untimely for two reasons. First, the District Court concluded that the ten-year period applies only to overpayments attributable to foreign taxes for which the taxpayer elects to claim a *credit*, not for foreign taxes for which a taxpayer elects a deduction. *Trusted Media Brands, Inc.*, 2017 WL 4326527, at *8. Second, the District Court concluded that Trusted Media's

resulting 1995 tax year refund claim was not "attributable to" its 2002 foreign taxes within the meaning of section 6511(d)(3) of the Code. *Id.* at \*10.

This appeal followed.

**STATUTORY SCHEME**

The Code requires taxpayers in the United States to pay income tax on income they earn worldwide. *See* 26 U.S.C. § 61(a). Under this system, U.S. taxpayers' income from foreign sources might be double taxed: taxed by the United States and taxed by the foreign country. To guard against double taxation, the Code gives taxpayers two options for decreasing their tax liability. First, the taxpayer may claim a credit for foreign income taxes paid or accrued, a "foreign tax credit." *See Id.* § 901(a). Or, the taxpayer can choose to deduct its foreign taxes from its taxable income. *Id.* § 164(a)(3). Importantly, for the payment of foreign taxes, these two options are mutually exclusive for any particular tax year and are governed by different sections of the Code.

**A.     Foreign Tax Credits**

First, as provided for in the Revenue Act of 1918, Congress intended the foreign tax credit system to facilitate business abroad and foreign trade. *Bank of*

*New York Mellon Corp. v. Comm'r of Internal Revenue*, 801 F.3d 104, 107 (2d Cir. 2015) (citing 56 Cong. Rec. app. 677 (1918)). Under this system, when a U.S. taxpayer pays income tax to another country due to its activity in that country, the taxpayer can claim a dollar-for-dollar credit against its U.S. tax liability equal to the amount of foreign taxes paid or accrued. 26 U.S.C. §§ 901–909. However, section 904(a) of the Code limits the amount of foreign tax credit a taxpayer can claim in any particular year. That section limits the proportion of U.S. tax offset by the foreign tax credit to the proportion of the taxpayer's income that is derived from foreign sources in that tax year. 26 U.S.C. § 904(a); 26 C.F.R. § 1.904-1. Generally, a taxpayer may "carry" excess credit backward and forward to other tax years. 26 U.S.C. § 904(c). The taxpayer can then use the excess credit to reduce its U.S. tax liability in the carryback and carryforward years. *Id.*

**B.** **Deduction of Foreign Taxes Paid**

Second, instead of claiming a credit for foreign taxes paid, a taxpayer can choose to deduct its foreign taxes from its U.S. taxable income. *Id.* § 164(a)(3). A deduction reduces the amount of income upon which U.S. tax is imposed (instead of reducing a taxpayer's U.S. tax liability dollar-for-dollar as a foreign

8

tax credit does). As with a foreign tax credit, a deduction results in a reduction of U.S. taxes owed. Moreover, if a taxpayer's total deductions—including those based on foreign taxes and other deductible expenses—exceed the taxpayer's gross income for a particular tax year, the taxpayer has a "net operating loss." *Id.* § 172(c) (defining "net operating loss" as "the excess of the deductions allowed by this chapter over the gross income"). The version of the Code applicable to Trusted Media's 2002 tax year allows taxpayers to carry a net operating loss backward and forward to other tax years and to claim the net operating loss as a deduction in those years. *Id.* § 172(b) (2006), *amended by*, *inter alia*, Pub. L. No. 115-97, § 13302, 131 Stat. 2054, 2121-22 (2017). Credits and deductions for foreign taxes paid are mutually exclusive: if a taxpayer elects to claim a credit for foreign taxes paid, the taxpayer cannot also claim a deduction for such taxes in any single tax year, and vice versa. *See id.* § 275(a)(4) ("No deduction shall be allowed for the following taxes: . . . excess profits taxes imposed by the authority of any foreign country . . . if the taxpayer chooses to take to any extent the benefits of [§] 901."); 26 C.F.R. § 1.901-1(h)(2) ("Taxpayers who are denied the credit for taxes for particular taxable years are the following: . . . [a] taxpayer who elects to

9

deduct taxes paid or accrued to any foreign country . . . [pursuant to sections] 164 and 275.").

The Code imposes a deadline by which a taxpayer must finalize its choice of whether to claim a foreign tax credit or deduct foreign taxes for a particular tax year. *See* 26 U.S.C. § 901(a). Specifically, under the current Treasury Regulation, the deadline by which taxpayers must choose between claiming a foreign tax credit or a deduction for a particular tax year is generally "the period prescribed by section 6511(d)(3)(A)," which, as discussed below, is ten years.[2] 26 C.F.R. § 1.901-1(d).

**C.** **Time-Limitations on Refund Claims**

As a default rule, a taxpayer must file its refund claim for an overpayment of tax within three years from when the taxpayer filed the relevant tax return, or within two years from when the taxpayer paid the relevant tax, whichever is later. 26 U.S.C. § 6511(a). Additionally, section 6511(b) of the Code establishes a default rule which limits the amount of refund a taxpayer is entitled to, which varies dependent on when the taxpayer filed its refund claim. *Id.* § 6511(b)(2); 26

---

[2]    Although not relevant here, special rules apply if the IRS has agreed to extend the period in which it can assess tax for the relevant year. *Id.*

10

C.F.R. § 301.6511(b)-1(b). The Code provides exceptions to these default rules, of which one is relevant here. Section 6511(d)(3) establishes "[s]pecial rules relating to foreign tax credit." Under these special rules, section 6511(d)(3)(A) establishes a ten-year limit on refund claims attributable to foreign tax credits. *Id.* § 6511(d)(3)(A) (providing that if a refund claim "relates to an overpayment attributable to any taxes paid or accrued to any foreign country . . . for which credit is allowed against the [taxpayer's U.S. income tax] in accordance with the provisions of section 901," then the taxpayer has ten years to file its refund claim). This ten-year deadline is measured from the date by which the taxpayer had to file its tax return for the year in which the relevant foreign taxes were paid or accrued (not considering any extensions of time for filing the return). *Id.*; 26 C.F.R. § 301.6511(d)-3(a). Additionally, these special rules establish an exception to the refund limit. A taxpayer is entitled to a refund that exceeds the default limit "to the extent of the amount of the overpayment attributable to the allowance of a credit for the [relevant foreign] taxes." 26 U.S.C. § 6511(d)(3)(B).

## STANDARD OF REVIEW

"We review the question of the application of the relevant statute of limitations—as we do all questions of law—*de novo.*" *Osberg v. Foot Locker, Inc.*, 862 F.3d 198, 206 (2d Cir. 2017) (quoting *Novella v. Westchester Cty.*, 661 F.3d 128, 143 (2d Cir. 2011)). The application of the Internal Revenue Code presents questions of law which we also review *de novo. See Field v. United States*, 381 F.3d 109, 111 (2d Cir. 2004).

## DISCUSSION

We agree with the District Court that section 6511(d)(3) of the Code—and its special ten-year limitations period—is applicable only to overpayments attributable to foreign taxes for which the taxpayer elects to claim a credit (not for which the taxpayer chooses a deduction but was otherwise eligible to claim a credit). We reach this conclusion for several reasons.

First, the plain language of section 6511(d)(3)(A) compels it. As noted above, Trusted Media opted to take a deduction for foreign taxes paid or accrued pursuant to section 164 and not a credit pursuant to section 901 for its 2002 tax year. Section 6511(d)(3)(A)'s special ten-year limitations period is applicable to

12

claims "for which [a foreign tax] credit *is allowed* . . ." 26 U.S.C. § 6511(d)(3)(A) (emphasis added). As noted above, the options to deduct or credit foreign taxes are mutually exclusive; a taxpayer can only choose one option for any given tax year. Consequently, for Trusted Media's 2002 tax year—in which Trusted Media elected to deduct foreign taxes paid or accrued—a foreign tax credit is *not* available and, thus, by its express terms, section 6511(d)(3)(A)'s special ten-year limitations period is unavailable.

Second, the relevant treasury regulation supports this conclusion. Treasury Regulation section 301.6511(d)-3(a) provides, in part:

> In the case of an overpayment of income tax *resulting from a credit*, allowed under the provisions of section 901 . . . for taxes paid or accrued to a foreign country, . . . a claim for credit or refund must be filed by the taxpayer within 10 years from the last date prescribed for filing the return . . . for the taxable year with respect to which the claim is made. Such 10–year period shall be applied in lieu of the 3–year period prescribed in section 6511(a).

26 C.F.R. § 301.6511(d)-3(a) (emphasis added). This Regulation confirms that the special ten-year limitations is applicable to overpayments "resulting from a credit." *See id.* By its express terms, this Regulation provides only one condition

13

under which the special ten-year limitations period applies, which is if the overpayment "result[s] from a credit." *See id.* Contrary to Trusted Media's interpretation, this Regulation does not set forth simply one way by which the special ten-year period is available; it sets forth the *only* way by which the special ten-year period is available. This Treasury Regulation is a reasonable interpretation of the Code, and it is therefore entitled to deference. *See Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 55–58 (2011).

Third, the structure of section 6511(d)(3) supports this conclusion. Subparagraph (B) of section 6511(d)(3) provides an exception to the standard refund limit (set forth in section 6511(b)(2)) which generally restricts the amount of refund that is available to the portion of the tax the taxpayer had paid within two or three years before the taxpayer filed the refund claim. *See* 26 U.S.C. § 6511(b)(2). If not for section 6511(d)(3)(B), however, many taxpayers would be effectively denied the benefit of the special ten-year limitations period of section 6511(d)(3)(A) because, although they would have ten years to file a refund claim, they could only receive a refund for the portion of the tax they had paid within the prior two years. Section 6511(d)(3)(B) solves this problem by allowing a tax

14

refund to exceed the otherwise applicable limit "to the extent of the amount of the overpayment attributable to *the allowance of a credit* for the taxes described in [section 6511(d)(3)(A)]." *See id.* § 6511(d)(3)(B) (emphasis added). Key to subparagraph (B), however, is that the overpayment must be attributable to "the allowance of a credit." *See id.* Simply put, section 6511(d)(3)(B) unambiguously refers to credits, further reinforcing the conclusion that the special ten-year limitations period of 6511(d)(3)(A) is meant to cover overpayments resulting from foreign tax credits and not deductions.

Fourth, a longer period for claiming a refund attributable to a foreign tax credit makes sense in the context of the timing problems that can easily arise when foreign taxes are contested. If a taxpayer wishes to claim a deduction for foreign taxes paid or accrued, the taxpayer takes the deduction in the tax year in which its foreign tax liability is conclusively determined. *See Albemarle Corp. & Subsidiaries v. United States*, 797 F.3d 1011, 1017 (Fed. Cir. 2015); 26 C.F.R. § 1.446-1(c)(1)(ii); *id.* § 1.461-4(a)(1), (g)(6)(iii)(B). Conversely, as the Federal Circuit has explained, a contested foreign tax "is accruable for the taxable year to which it relates even though the taxpayer contests the liability therefor and such tax is not

15

paid until a later year." *Albemarle*, 797 F.3d at 1018 (quoting Rev. Rul. 58-55, 1958-1 C.B. 266). In this vein, if a taxpayer follows an accrual method of accounting and wishes to claim a foreign tax credit, the taxpayer must claim the credit for the taxable year to which the foreign tax relates, even if the amount of foreign tax is not determined until a later year. *See United States v. Campbell*, 351 F.2d 336, 338 (2d Cir. 1965). As we illustrated in *Campbell*:

> [I]f the taxpayer contests [its] liability for a foreign tax imposed on income in 1960, and this liability is finally adjudicated in the foreign country in 1965, the credit may not be claimed until 1965, but the foreign tax imposed on 1960 income will be offset against the United States 1960 tax just as if it had accrued in 1960.

*Id.* (citation omitted). In the example we used in *Campbell*, if the application of the foreign tax credit resulted in an overpayment and entitled the taxpayer to a refund, the standard three-year limitations would bar a taxpayer from claiming the credit due to the five-year delay in the final determination of the foreign tax liability. Conversely, if the taxpayer were to claim a deduction for the foreign taxes it paid in 1960 after final adjudication in 1965, and the deduction results in an overpayment, the taxpayer would not need an extended timeline to file its refund claim: the taxpayer would claim the deduction for its 1965 tax year, for

16

which the standard three-year limitations would apply. In view of these practical problems, a special ten-year limitations period for refunds attributable to foreign tax credits in lieu of the general three-year limit for refund claims makes good sense.

Finally, Trusted Media invites us to depart from this conclusion, principally arguing that because Treasury Regulations set a single period within which a taxpayer can elect to toggle between a foreign tax credit or deduction, there is a single period within which a taxpayer can claim a refund based on either a foreign tax credit or deduction. We decline this invitation. Trusted Media bases its argument on Treasury Regulation section 1.901-1(d) which provides:

> The taxpayer may, for a particular taxable year, claim the benefits of section 901 (*or claim a deduction in lieu of a foreign tax credit*) at any time before the expiration of the period prescribed by section 6511(d)(3)(A) (or section 6511(c) if the period is extended by agreement).

26 C.F.R. § 1.901-1(d) (emphasis added). According to Trusted Media, because this regulation sets a single period within which a taxpayer can elect whether to claim a foreign tax credit or a deduction, it also implies that there is a single

17

period within which taxpayers can claim refunds based on either foreign tax credits or deductions. We disagree. This Treasury Regulation interprets section 901 of the Code, which sets the time limitation for toggling between receiving foreign tax credits and deductions. As noted above, however, the requirements governing refund claims are set forth in section 6511 of the Code and at Treasury Regulation section 301.6511(a)-1 to (g)-1. Consequently, we have two separate portions of the Code and its relevant Regulation: (i) section 901 of the Code and its relevant Regulation, which establish time limits for toggling between credits and deductions, and (ii) section 6511 of the Code and its relevant Regulation, which establish time limits for claiming refunds. Trusted Media invites us to conflate the former's time limitation with the latter's. For the reasons discussed above, we decline this invitation.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.